HANK RAS, Plaintiff-Appellant, *v*. ROBERT K. HASEGAWA, Director of Labor and Industrial Relations, State of Hawaii, and DILLINGHAM CORPORATION, Defendants-Appellees, and CALVIN C. M. KAM, Defendant.

No. 5135

August 29, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY LEVINSON, J.

On February 1, 1971, Robert K. Hasegawa (an appellee herein), who is the Director of Labor and Industrial Relations, issued an order directing Hank Ras, the appellant herein and a claimant under the Workmen's Compensation Law, HRS ch. 386, as amended, to submit himself to an examination by a particular physician designated and paid by his employer, the Dillingham Corporation (an appellee herein). Such an order is authorized by HRS § 386-79. On February 8, 1971, Ras filed this action in the circuit court seeking a preliminary injunction barring the enforcement of the director's order. The circuit court held a hearing on February 12, 1971, and orally announced a decision to dismiss the action. Thereafter, but on that date, Ras appealed the direc-

tor's order to the appellate board. The circuit court issued a written order on March 1, 1971, dismissing the action brought before it for lack of jurisdiction on the grounds that the appellant's proper remedy lay in the form of an appeal to the labor and industrial relations appeal board. We affirm.

The appellant's argument that HRS § 91-14 entitles him to review by the circuit court of the director's order is not well taken. Although the Department of Labor and Industrial Relations, including its director and appellate board, is an "agency" within the meaning of HRS § 91-1(1), HRS § 386-73 (1970 Supp.) and HRS § 386-88 (1970 Supp.) supersede HRS § 91-14 and remove the circuit court from the appellate process altogether with regard to proceedings brought under HRS ch. 386. Thus, the appellant cannot rely upon the recourse which HRS § 91-14 would otherwise afford.

Nor may the appellant properly bring an original action in the circuit court which would bar the operative effect of the director's order. Injunctive relief should not serve to circumvent the pursuit of a timely and statutorily mandated remedy by way of appeal. *See Adelman v. Onischuk*, 271 Minn. 216, 228, 135 N.W.2d 670, 678 (1965), *appeal dismissed* and *certiorari denied*, 382 U.S. 108 (1965). "[A] statute which provides for a thing to be done in a particular manner or by a prescribed person or tribunal implies that it shall not be done otherwise or by a different person or tribunal . . . ." *State ex rel. Battle v. Hereford*, 148 W. Va. 97, 103, 133 S.E.2d 86, 90 (1963).

Affirmed.

*Hank Ras*, plaintiff-appellant, pro se.

*Ronald Y. Amemiya*, Deputy Attorney General (*George Pai*, Attorney General, of counsel) for defendant-appellee, *Robert K. Hasegawa*.

*Peter H. Searl* (*Bortz, Case, Stack, Kay, Cronin* and *Clause* of counsel) for defendant-appellee, Dillingham Corporation.