TRAVELERS INSURANCE COMPANY, a Foreign Corporation, Plaintiff-Appellee, *v.* HAWAII ROOFING, INC. and HAWAIIAN INSURANCE & GUARANTY CO., LTD., a Hawaii Corporation, and WILLIAM DRAKE, JAMES R. HENNESSY and PAUL D. SANTOS, Defendants-Appellants

NO. 7211

(CIVIL NO. 51007)

MARCH 12, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ.,
AND RETIRED JUSTICES OGATA AND MENOR
ASSIGNED BY REASON OF VACANCIES

OPINION OF THE COURT BY NAKAMURA, J.

Does the governing statutory scheme permit a circuit court to resolve a dispute over a workers' compensation insurance carrier's

responsibility for payments to a compensation claimant? We find that HRS Chapter 386 vests original jurisdiction to determine issues arising under the Hawaii Workers' Compensation Law in the Director of Labor and Industrial Relations (the Director). And since appeals from his decisions must be taken to the Labor and Industrial Relations Appeals Board and then to this court, there is no room within the relevant scheme for circuit court action to settle the dispute. We therefore vacate the judgment of the Circuit Court of the First Circuit holding Defendant-appellant Hawaiian Insurance & Guaranty Co., Ltd. (HIG) liable for compensation payments to three employees of Hawaii Roofing, Inc. (the employer) and remand the case with instructions to dismiss the complaint for declaratory judgment filed by Plaintiff-appellee Travelers Insurance Company (Travelers).

## I.

The root of the controversy involving the two insurance carriers was the issuance by Travelers of a workers' compensation insurance policy covering Hawaii Roofing, Inc. and a purported cancellation thereof.[1] As written, the policy was to be effective for a term of one year commencing in March of 1974. But in August or September of the same year, Travelers informed the employer of an intention to cancel the policy as of October 10, 1974. Service of notice of the impending cancellation, though mandated by HRS § 386-127, was not made upon the Director of the Department of Labor and Industrial Relations (the department).[2]

---

[1] The Department of Labor and Industrial Relations apparently received notice of the insurance coverage effected under the policy as required by HRS § 386-122, since its records reflected that Travelers was the employer's workers' compensation insurance carrier.

[2] HRS § 386-127 reads:

Cancellation of insurance contracts. No policy or contract of insurance issued by a stock company or mutual association against liability arising under this chapter shall be canceled within the time limited in the contract for its expiration until at least ten days after notice of intention to cancel such contract, on a date specified in the notice, has been filed with and served on the director of labor and industrial relations and the employer.

The employer then procured insurance coverage to protect its employees for workers' compensation purposes under a policy issued by HIG that was to remain in effect for a one-year period beginning on October 15, 1974. However, HIG likewise decided to cancel its policy covering the employer prior to the stated termination date, and served the employer and the Director with notice of the contemplated action in February of 1975. The Director subsequently informed HIG that the records of the department showed Travelers to be the employer's carrier and that he found the HIG policy and the notice of cancellation without force or effect.

Unfortunately, in the interim between October 15, 1974 and February 1, 1975, three of Hawaii Roofing's employees sustained work injuries and made claims for benefits.[3] HIG voluntarily assumed liability for compensation payments to the three claimants on the belief that it was legally responsible therefor — it had not been informed yet that the department's records indicated Travelers was still the employer's carrier. But in proceedings on the benefit claims before the Disability Compensation Division of the department, in which Travelers and HIG participated, it was determined that Travelers was the responsible carrier. The claimants were awarded benefits by separate decisions and orders issued in December of 1976, and Travelers was ordered to reimburse HIG for the payments previously made.[4] The reimbursement orders were premised on specific findings that: (1) the records of the department reflected Travelers was the employer's insurance carrier during the pertinent period, (2) Travelers had not served the requisite notice of cancellation upon the Director, and (3) HIG had been informed its policy was ineffectual by reason of Travelers' coverage of the employer.

Travelers appealed the decisions and orders on the claims of Paul Santos and William Drake to the Labor and Industrial Relations

---

[3] James Hennessy sustained an injury arising out of and in the course of his employment with Hawaii Roofing, Inc. on October 30, 1974, as Paul Santos did on November 7, 1974, and William Drake did on January 13, 1975.

[4] Insurance carriers customarily make temporary total disability compensation payments to claimants on a voluntary basis where employers do not dispute the occurrence of the underlying industrial accidents, since HRS § 386-31 requires the prompt payment of such benefits "unless the right to the benefits is controverted by the employer."

Appeals Board (the Appeals Board); it requested a reopening of the proceedings related to James Hennessy pursuant to HRS § 386-89. But it almost simultaneously sought relief from the Director's orders through a complaint for a declaratory judgment filed in the Circuit Court of the First Circuit. Although no stay order appears to have been entered by the circuit court, the administrative proceedings before the Appeals Board and the Director were held in abeyance pending the outcome of the suit. HIG promptly moved to dismiss the declaratory action for want of jurisdiction in the circuit court. The motion was denied after argument, and Travelers was granted summary judgment thereafter. HIG's timely appeal to this court followed.

## II.

The primary issue argued by HIG on appeal is the jurisdictional question raised below by way of the motion to dismiss the complaint for declaratory judgment. HIG also maintains the circuit court erred in granting summary judgment to Travelers. However, our conclusion regarding the Director's original jurisdiction over all controversies and disputes arising under the Hawaii Workers' Compensation Law obviates the necessity for discussion of the second issue.

## A.

Our analysis begins, as it must when statutory interpretation is entailed, with the express provision covering the Director's authority to determine disputes arising under the workers' compensation law, HRS § 386-73, which reads:

Original jurisdiction over controversies. Unless otherwise provided, the director of labor and industrial relations shall have original jurisdiction over all controversies and disputes arising under this chapter. The decisions of the director shall be enforceable by the circuit court as provided in section 386-91. There shall be a right of appeal from the decisions of the director to the appellate board and thence to the supreme court as provided in sections 386-87 and 386-88, but in no case shall an

appeal operate as a supersedeas or stay unless the appellate board or the supreme court so orders.

Taken at face value, the foregoing would preclude original court action to settle controversies involving the workers' compensation law. It relegates the circuit court to a secondary role where workers' compensation is concerned — the enforcement of the Director's decisions. But Travelers contends there is provision elsewhere for a proper invocation of circuit court jurisdiction to resolve disputes other than those directly related to benefit claims. It asserts the circuit courts have "exclusive original jurisdiction over all matters which are incidental and collateral to a worker's compensation claimant's entitlement to compensation."

Travelers professes to find support for the above in relevant case law from other jurisdictions and in the Declaratory Judgment Act. But clear statutory mandates in HRS Chapters 386 and 632 have nevertheless deprived the circuit court of power to decide the dispute here. Despite Travelers' assertions to the contrary, the legislature has removed the circuit court from the adjudicative process in workers' compensation.

## 1.

The governing statutory scheme, as we observed, decrees that the Director "shall have original jurisdiction over all controversies and disputes arising under" the Hawaii Workers' Compensation Law. Travelers initially attempts to evade the clear prescript of HRS § 386-73 by labelling the dispute an "equitable" issue reserved for judicial scrutiny and settlement; the case in Travelers' view merely involves a possible reimbursement of one carrier by another. It contends courts elsewhere have ruled that disputes between insurance carriers not affecting a claimant's entitlement to benefits should be presented to judicial tribunals without initial resort to administrative panels. Travelers also reminds us HRS § 632-6 proclaims the Declaratory Judgment Act as "remedial" legislation "to be liberally interpreted and administered, with a view to making the courts more serviceable to the people" and HRS § 632-1 expressly sanctions a declaratory judgment even though the controversy is "susceptible of relief" through another remedy.

The instant controversy stems from a purported neglect to serve

the Director with notice of an imminent cancellation of a workers' compensation insurance policy. Travelers would have us assume the dispute is only peripherally related to HRS Chapter 386 and its central purpose. But HRS § § 386-121 through 128 constitute an essential component of an independent statutory system of legal relations designed to shield workers from the consequences of work injuries. S. Riesenfeld, *Study of the Workmen's Compensation Law in Hawaii*, iii (1963) (Legislative Reference Bureau, Report No. 1). For this part of the law ensures the payment of compensation to injured workers. The Director has a duty thereunder of compelling employers who choose insurance as the means of securing compensation payments to their employees to maintain insurance coverage at all times.[5] The notice of cancellation requirement obviously serves a vital function in this regard. A dispute over an alleged failure to comply therewith definitely arises under HRS Chapter 386, is hardly an "equitable" issue, and is of direct concern to the Director in his enforcement of the law.

Travelers, however, argues further that agencies with functions similar to the Director's are inherently creatures of limited authority. It cites *Jordan v. Ferro*, 67 N.J. Super. 188, 196, 170 A.2d 69, 73 (1961), for the proposition that "[t]he law appears well settled that the question of coverage of . . . [a] policy is not within the jurisdiction of the Workmen's Compensation Bureau." It also invokes a statement of the Supreme Court of California that "disputes between insurance carriers independent of the enforcement of the liability of the employer to his employee is plainly not within the jurisdiction of a tribunal created for the purpose of affording compensation benefits to workmen for injuries sustained in their industrial employment." *State Compensation Insurance Fund v. Industrial Accident*

---

[5] This responsibility is supported with discretionary power to have non-complying employers enjoined from engaging in business, as HRS § 386-123 reads in relevant part:

Furthermore, if any employer is in default under section 386-121, for a period of thirty days, he may be enjoined by the circuit court of the circuit in which his principal place of business is from carrying on his business any place in the State so long as the default continues, such action for injunction to be prosecuted by the attorney general or any county attorney if so requested by the director.

*Commission,* 20 Cal.2d 264, 272, 125 P.2d 42, 47 (1942). What appears persuasive at first sight is nevertheless vitiated by its inappropriateness, as the cases construed statutory grants of authority definitely narrower in scope than that given the Director by HRS § 386-73. In *Jordan* the crucial language was "all claims for compensation arising under this chapter." N.J. Stat. Ann. § 34:15-49 (1959). And in *State Compensation Insurance Fund,* the Commission's jurisdiction extended over all proceedings "(a) For the recovery of compensation, or concerning any right or liability arising out of or incidental thereto." 20 Cal.2d at 267, 125 P.2d at 44. In contrast the Director's jurisdiction pursuant to HRS § 386-73 is "over all controversies and disputes arising under this chapter," unless otherwise provided.

Travelers claims the Director's authority is neither all-encompassing nor exclusive because the Declaratory Judgment Act "provides otherwise." But its thesis is flawed again, this time by omission, as it fails to acknowledge that a proviso in HRS § 632-1 precludes the utilization of declaratory actions in workers' compensation cases. Although section 632-1 generally endorses declaratory relief in civil cases, it nonetheless disallows such relief "[w]here . . . a statute provides a special form of remedy for a specific type of case."[6] The "independent system of legal relations" established by the Hawaii Workers' Compensation Law thus debars declaratory relief here. *See* S. Riesenfeld, *supra.*

## 2.

In a previous encounter with an attempt to outflank HRS § 386-73, *Ras v. Hasegawa,* 53 Haw. 640, 500 P.2d 746, *rehearing denied,* 53 Haw. 670, 500 P.2d 746 (1972), we affirmed the dismissal of an

---

[6] The full proviso reads:

Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, a remedy equitable in nature, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment in any case where the other essentials to such relief are present.

appeal from the Director's order filed in the circuit court by a compensation claimant, an appeal purportedly premised on the right to appeal from administrative decisions and orders provided by HRS § 91-14. The claimant also sought preliminary injunctive relief against an enforcement of the Director's order. We agreed with the circuit court that his "proper remedy lay in the form of an appeal to the labor and industrial relations appeals board," *Ras v. Hasegawa, supra,* 53 Haw. at 641, 500 P.2d at 747, and our statement regarding original actions to block the enforcement of the Director's order was:

> Nor may the appellant properly bring an original action in the circuit court which would bar the operative effect of the director's order. Injunctive relief should not serve to circumvent the pursuit of a timely and statutorily mandated remedy by way of appeal. *See Adelman v. Onischuk,* 271 Minn. 216, 228, 135 N.W.2d 670, 678 (1965), *appeal dismissed* and *certiorari denied,* 382 U.S. 108 (1965). "[A] statute which provides for a thing to be done in a particular manner or by a prescribed person or tribunal implies that it shall not be done otherwise or by a different person or tribunal. . . ." *State ex rel. Battle v. Hereford,* 148 W. Va. 97, 103, 133 S.E.2d 86, 90 (1963).

*Id.* Travelers presents nothing to cause us to view the original action here in a different light.

The attempt at circumvention of statutory dictates is by no means novel; nor is our response unique. For courts in other states have rejected efforts to evade the authority of administrative agencies entrusted with the administration of workers' compensation laws through the procedural device employed here. *See Mid-State Construction Co. v. Means,* 245 Ark. 691, 434 S.W.2d 292 (1968); *St. Paul Fire & Marine Insurance Co. v. Littky,* 60 Mich. App. 375, 230 N.W.2d 440 (1970); *Peak v. Bosse,* 202 Neb. 1, 272 N.W.2d 750 (1978); *Cox v. Pitt County Transportation Co.,* 259 N.C. 38, 129 S.E.2d 589 (1963); *American Casualty Co. v. Kligerman,* 365 Pa. 168, 74 A.2d 169 (1950); *Williams Furniture Corp. v. Southern Coatings & Chemical Co.,* 216 S.C. 1, 56 S.E.2d 576 (1949). The exclusive original jurisdiction of workers' compensation tribunals has also been confirmed in other settings. *See, e.g., Dixon v. Sype,* 92 Mich. App. 144, 284 N.W.2d 514 (1979); *Spivey v. Oakley's General Contractors,* 32 N.C.

App. 488, 232 S.E.2d 454 (1977).

The remedy for Travelers lies in appeals from the Director's orders to the Labor and Industrial Relations Appeals Board. *Ras v. Hasegawa, supra,* 53 Haw. at 641, 500 P.2d at 747. The summary judgment in favor of Travelers Insurance Company is vacated, and the case is remanded to the circuit court with instructions to dismiss the complaint for declaratory judgment.

*Stanford Manuia (Robert C. Kessner & Wendell Y. Y. Ing* on the briefs; *Woo, Kessner & Duca,* of counsel) for defendants-appellants.

*Wayne M. Sakai (Burke, Ashford, Sakai, McPheeters, Bordner & Gilardy,* of counsel) on the brief: *Marilyn P. Lee (Hamilton, Gibson, Nickelsen, Rush & Moore,* of counsel) and *Howard F. McPheeters (Burke, Ashford, Sakai, McPheeters, Bordner & Gilardy,* of counsel) for plaintiff-appellee.