PAMELA PUNOHU, ANNETTE OKIKAWA, MARYLOU DOESCHER, FRANCES TAUALA, PATRICIA FERNANDEZ, EARLENE DEMELLO, ERNELL GARCIA, PEARL LEE, LILLIAN CORREA, LUCILLE SANCHEZ, PATRICIA MIRANDA, BARBARA and DENNIS BRANCO, PATRICIA GAHAN, JEROLD DOSS and VERONICA RELLES, individually, and on behalf of all others similarly situated, Plaintiffs-Appellees, *v.* FRANKLIN SUNN, Director of the Department of Social Services and Housing, Defendant-Appellant

(CIVIL NO. 69201)

and

CHARNAN KUALAPAI, AILEEN MORITA, AUDREY ISAGAWA, CLAIRE LUBICK, MONSARRAT TORO, MABEL YOUNG, ELEANOR GOMES, CHARLYNN WASHBURN, JOYCE MILES, WILLENE PAISHON, JOANN MARTIN and PAZ CUYNO, individually, and on behalf of all others similarly situated, Plaintiffs-Appellees, *v.* FRANKLIN SUNN, Director of the Department of Social Services and Housing, Defendant-Appellant

(CIVIL NO. 70055)

NO. 8859

JULY 18, 1983

LUM, C.J., NAKAMURA, PADGETT AND HAYASHI, JJ., AND CIRCUIT JUDGE CHANG, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the State of Hawaii from judgments entered against it in two cases brought in the Circuit Court of the First Circuit by welfare recipients for declaratory and injunctive relief against cuts in their benefits, payable by the State of Hawaii. We reverse and remand for dismissal of the suits.

There were 15 individual plaintiffs named in the original complaint in Civil No. 69201 filed in the First Circuit Court. For some reason, in the amended complaint in 69201, two plaintiffs, Gahan and Doss, were dropped and one, Relles, was added. In Civil No. 70055, there were 14 individual plaintiffs. The record shows that each of the individual plaintiffs (appellees, here) was in receipt of one or more categories of monthly benefits from the Department of Social Services and Housing (Department) of the State of Hawaii. In the latter part of 1981, the Department sent to each of the appellees one or more forms of notice of adverse action, informing them of intended reductions in their benefits. The notices informed each of the appellees of their right to appeal and have a fair hearing before the Department. Such a right of appeal and hearing was mandated by the provisions of § 346-12, Hawaii Revised Statutes (HRS). Such a hearing was held in each case and the reductions in benefits were upheld.

Appellees then filed the present suits in the circuit court, asking for declaratory and injunctive relief on the grounds that the notice of adverse determination was inadequate under the provisions of 45 C.F.R. § 205.10(a)(4)(i)(B) and in violation of their right of due process, and asked for a determination of class and an order allowing them to represent the class. An amended complaint was subsequently filed.[1] The classes were

---

[1] The remaining 13 original plaintiffs were ordered dismissed in 69201 because they (along with the other two original plaintiffs) had filed an appeal pursuant to Chapter 91, HRS, from the orders at the fair hearings.

determined and the orders entered. Appellees then moved for summary judgment and the court entered orders determining that the notices failed to comply with the regulation and the due process clause. Thereafter, judgments were entered decreeing retroactive benefits to named appellees and to all members of the classes. From those judgments, this appeal is taken.

Section 632-1, HRS, authorizing declaratory judgment actions provides in part: "Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed; . . ." We have held that where such a statutory remedy exists, declaratory judgment does not lie. *Traveler's Insurance Co.* v. *Hawaii Roofing, Inc.,* 64 Haw. 380, 641 P.2d 1333 (1982).

In *Traveler's, supra,* we were dealing with a case involving workers' compensation. The workers' compensation law, Chapter 383, HRS, contains in § 383-41 a special section with respect to appeals. It provides:

> The director of labor and industrial relations or any party to the proceedings before the referee may obtain judicial review of the decision of the referee in the manner provided in chapter 91, . . .

No such specific provision appears in Chapter 346, HRS, with which we are here concerned. Nevertheless, the fair hearing was a "contested case" under the provisions of § 91-1(5), HRS, and as such, was reviewable only in accordance with the provisions of § 91-14, HRS. Since the scope of review vested in the circuit court in an appeal pursuant to § 91-14, HRS, is much more limited than the court's plenary authority in an original action commenced before it, it would be anomalous to permit a declaratory judgment action to be substituted for an appeal from an agency determination in a contested case. Accordingly, we hold that the remedy of appeal provided by § 91-14, HRS, is a statutorily provided special form of remedy for the specific type of case involved here and that a declaratory judgment action, pursuant to § 632-1, HRS, did not lie.

As to the claim for injunctive relief, it is dependent on the declaratory judgment action and must fall with it. Moreover, since the same relief can be obtained through an application for a stay in the administrative appeal under Chapter 91, there is no lack of an adequate remedy at law available to the appellees.

This case is distinguishable from *Costa* v. *Sunn*, 64 Haw. 389, 642 P.2d 530 (1982), which did not involve a contested case but rather, a challenge to regulations promulgated by the Department of Social Services and Housing. Declaratory relief in such a situation was specifically authorized pursuant to § 91-7, HRS.

Nothing prevented the appellees from raising, at the fair hearing, their contentions with respect to the inadequacy of the notice and, at oral argument, we were informed that they did so. Their remedy from an adverse determination at that fair hearing was by way of appeal pursuant to Chapter 91, HRS, and not by way of an independent action for declaratory judgment.[2] Accordingly, the judgments below are reversed and the cases are remanded to the circuit court with instructions to dismiss them.

*Thomas D. Farrell,* Deputy Attorney General, for appellant.

*Brenton Rogozen* (Legal Aid Society of Hawaii) for appellees.

---

[2] The 15 original plaintiffs in No. 69201, who were either dropped or dismissed from that case, filed such an appeal. The ruling in their favor in that case is pending before us in No. 9045.