SHEILA PUANA, Plaintiff-Appellee, *v.* FRANKLIN Y. K. SUNN, Director of the Department of Social Services and Housing; and the DEPARTMENT OF SOCIAL SERVICES AND HOUSING, STATE OF HAWAII, Defendants-Appellants

NO. 11474

SHEILA PUANA, Plaintiff-Appellee, *v.* FRANKLIN SUNN, Director of the Department of Social Services and Housing; and the DEPARTMENT OF SOCIAL SERVICES AND HOUSING, STATE OF HAWAII, Defendants-Appellants

NO. 11693

(CIVIL NO. 85-4637)

JUNE 3, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Sheila Puana, plaintiff-appellee, suffered a stroke in April, 1985 which prevented her from working and made her eligible for Temporary Disability Insurance (T.D.I.) benefits. Puana applied for General Assistance benefits in May, 1985. She received a lump-sum check for $920 from her former employer's insurance company in June, 1985. This check represented accumulated T.D.I. benefits for the period of April 15, 1985 to June 8, 1985. Puana also received an additional $236 in T.D.I. payments for June.

On July 10, 1985, the Department of Social Services and Housing (DSSH) denied Puana's application for General Assistance benefits because of her receipt of the $1156 in T.D.I. benefits. In addition, the DSSH imposed a nine-month disqualification period pursuant to its administrative lump-sum rule. *See* Administrative Rule (AR) § 17-621-46. This was calculated by dividing the $1156 in T.D.I. payments by $122, the basic monthly needs allowance. The DSSH did not include any allowance for shelter costs.

Puana's subsequent application on October 14, 1985 was also rejected because she was still within the nine-month disqualification period. On December 10, 1985, Puana filed a Complaint for Declaratory and Injunctive Relief in circuit court. On that same day, Puana was granted a Temporary Restraining Order (TRO) enjoining the DSSH from depriving her of General Assistance benefits. On January 28, 1986, a Conditional Preliminary Injunction was entered granting Puana General Assistance benefits commencing January 21, 1986 and continuing until further order of the court, on the condition that she provide to the DSSH evidence of her shelter costs. On May 13, 1986, Puana was granted retroactive General Assistance benefits from the date of her October 1985 application to the date she began receiving benefits in December 1985 pursuant to the TRO.

After a hearing, summary judgment was granted to Puana pursuant to an order in June, 1986 and a subsequent amended order

in August, 1986. In these orders, the administrative lump-sum rule was declared invalid as applied to persons in the General Assistance single individual category, and the DSSH was enjoined from enforcing the rule against General Assistance single individuals.

The Director of the DSSH and the DSSH appeal the August, 1986 Amended Order Granting Plaintiff's Motion for Summary Judgment.

The circuit court had jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 91-7 to declare the lump-sum rule invalid if it found that it "violate[d] . . . statutory provisions, or exceed[ed] the statutory authority of the agency." HRS § 91-7. Appellants' reliance on *Punohu v. Sunn,* 66 Haw. 485, 666 P.2d 1133 (1983), for the proposition that Puana must first seek administrative relief is misplaced because *Punohu* involved a challenge to the *application* of a rule, as opposed to the *validity* of a rule. Although HRS § 91-7 does not give the circuit court jurisdiction to hear a challenge to the application of a rule, it clearly does provide for attacks on a rule's validity. See *Punohu,* 66 Haw. at 488, 666 P.2d at 1135.

The DSSH has the authority to adopt rules and regulations to carry out the purposes of the General Assistance statutes. *See* HRS § 346-14; HRS § 346-53; HRS § 346-71(e) & (g). It is clear from the language of the statutes that the legislature intended to provide assistance to only the needy, and therefore, the authority to adopt rules necessarily includes the power to promulgate rules governing financial eligibility. The statutes only establish the basic needs level by prescribing a maximum basic needs allowance and shelter allowance, *see* HRS § 346-53(b) & (c), but leave to the DSSH the power to determine how much aid the applicant actually receives depending upon his or her income or resources. *See* HRS § 346-53(b) ("The department shall pay a recipient the maximum basic needs allowance if the department determines that the recipient's needs are not reduced by the recipient's income or resources.").

The DSSH's authority, however, is limited to enacting rules which carry out and further the purposes of the legislation and do not enlarge, alter, or restrict the provisions of the act being administered. *See In re Carlson,* 38 Haw. 9 (1948); *Jacober v. Sunn,* 6 Haw. App. \_\_\_\_, 715 P.2d 813, 819 (1986). The lump-sum rule disqualifies an assistance unit for a number of months equal to the total monthly net income, which includes any nonrecurring lump-

sum income, divided by the standard of assistance. The standard of assistance includes the basic needs allowance and a shelter allowance, *see* AR § 17-621-2, and thus accurately reflects the monthly allowance the legislature intended to assure to all recipients. Therefore, an assistance unit which receives a lump sum and has no other income can be expected to live at the legislatively-established monthly needs level for a number of months equal to the lump sum divided by the standard of assistance. Thus, it is not unfair that the lump-sum rule make the assistance unit ineligible for that number of months.

We hold that the lump-sum rule's basic ineligibility rule, AR § 17-621-46(d) (1), is valid because it is a reasonable regulation that carries out the purposes of the legislation by ensuring that only those persons without adequate income or resources to live at the minimum monthly needs level receive assistance.[1] However, because a person's financial needs may change during the disqualification period, and in order to be consistent with the legislature's goal of assuring a minimum level of subsistence, the lump-sum rule must provide for a shortening of the disqualification period when a person's financial needs change. The lump-sum rule in effect at the time of Puana's initial disqualification did not provide for shortening the disqualification period upon an increase in her standard of assistance. *See* AR § 17-621-46(d) (4) (1984).[2] Puana was thus dis-

---

[1] HRS § 346-71(a) reads, "[p]ersons who meet the categorical criteria for eligibility, but fail to satisfy income and resource criteria adopted by the department for eligibility under the comparable federally funded financial assitance [sic] program shall not be eligible for general assistance." Although § 346-71(a) mandates that persons who do not meet the financial eligibility criteria of the federal program are ineligible for General Assistance, it does not require that a person who qualifies financially for the federal program must also qualify financially for General Assistance. The General Assistance Program's financial eligibility criteria can be more restrictive.

The circuit court erred, therefore, in concluding that because the comparable federally funded financial assistance program, in this case the Supplemental Security Income Program, did not have a lump-sum rule, the DSSH did not have the authority to promulgate one for the state's General Assistance program.

[2] AR § 17-621-46(d) (4) (1984) reads: "The department may shorten the remaining period of ineligibility when the family incurs and pays for medical expenses authorized under the department's medicaid program. Other changes in circumstances shall not alter the period of ineligibility or the income that is considered available in the first month following the period of ineligibility."

qualified for nine months irrespective of any possible increases in her actual shelter expenses which would make it impossible for her to live at the legislatively-determined minimum level of subsistence.

We hold that the portion of the old lump-sum rule that fails to provide for a shortening of the disqualification period upon changes in actual shelter costs, *see* AR § 17-621-46(d) (4) (1984), is invalid and unenforceable.

Affirmed in part, reversed in part.

*Thomas D. Farrell,* Deputy Attorney General, for defendants-appellants.

*John Ishihara (Ronald Albu* with him on the brief; Legal Aid Society of Hawaii) for plaintiff-appellee.