1286

John LABOUSEUR d/b/a Turpins, Respondent vs. HARLEYSVILLE MUTUAL INSURANCE COMPANY and R. V. Chandler and Sons, Inc., Appellants.

(379 S. E. (2d) 291)

Court of Appeals

*H. Sam Mabry, III,* and *Moffatt McDonald,* both of *Hayns-worth, Marion, McKay & Guerard;* and *Herman E. Cox,* Greenville, *for appellants.*

*Douglas F. Patrick,* of *Foster, Covington and Patrick,* Greenville, *for respondent.*

Heard Dec. 5, 1988.

Decided Feb. 6, 1989.

GOOLSBY, Judge:

The dispositive issue presented by this appeal is whether the South Carolina Workers' Compensation Commission has exclusive jurisdiction over the subject matter of an action that is brought by an employer against a workers' compensation insurance carrier and the carrier's agent for an alleged cancellation of a workers' compensation insurance policy. The employer, John Labouseur, who operates a restaurant business known as Turpins, brought this action against Harleysville Mutual Insurance Company and its agent, R. V. Chandler and Sons, Inc. Both Harleysville Mutual and Chandler moved to dismiss the complaint and alternatively moved for summary judgment. Acting only on the motions to dismiss, there being no affidavits, depositions, or other materials of record, the circuit court held that the Commission did not have exclusive subject matter jurisdiction over the action. Harleysville Mutual and Chandler appeal. We reverse.

Labouseur's complaint asserts two causes of action based upon an alleged cancellation by Harleysville Mutual and Chandler of a workers' compensation insurance policy sold Labouseur by Chandler and issued by Harleysville Mutual. One cause of action seeks a declaratory judgment regarding whether the policy "provided workers' compensation liability coverage" at the time an employee of Labouseur allegedly sustained an accident arising out of and in the course of her employment with Labouseur and thereby required Harleysville Mutual to pay the costs of defending the injured employee's claim and to "pay any sums to which the injured employee ... may be entitled" under the workers' compensation act. The other cause of action seeks damages for the alleged wrongful termination by Harleysville Mutual and Chandler of the policy, including "[d]amages for the payment of compensation claims which would have been covered under the insurance contract...."

In South Carolina, "[a]ll questions arising under" the South Carolina Workers' Compensation Act, except as otherwise provided in the act and if not settled by agreement of the parties interested therein with the approval of the Commission, shall be determined by the Commission. CODE OF LAWS OF SOUTH CAROLINA § 42-3-180 (1976).

Nowhere does the act otherwise provide that questions relating to the cancellation of a workers' compensation insurance policy are not to be determined by the Commission. Absent such a provision, the jurisdiction conferred on the Commission by the act to determine "all questions arising under" the act "includes the right and duty to hear and determine questions of fact and law respecting the existence of insurance coverage and liability of the insurance carrier," grounded as both questions are on the alleged cancellation by Harleysville Mutual and Chandler of the policy. *Greene v. Spivey*, 236 N. C. 435, 445, 73 S. E. (2d) 488, 495-96 (1952); *see Travelers Insurance Co. v. Hawaii Roofing, Inc.*, 64 Haw. 380, 383 and 386, 641 P. (2d) 1333, 1336 and 1337 (1982) (wherein the court held in an action to determine which of two carriers was responsible for providing benefits to an injured worker that the legislature had removed the circuit court from the adjudicative process in workers' compensa-

tion cases by the enactment of a statute prescribing that "[u]nless otherwise provided, the director of labor and industrial relations shall have original jurisdiction over all controversies and disputes arising under this chapter" and by the enactment of a statute disallowing declaratory relief "[w]here ... a statute provides a special form of remedy for a specific type of case"); cf. *Williams Furniture Corp. v. Southern Coatings & Chemical Co.*, 216 S. C. 1, 7, 56 S. E. (2d) 576, 578 (1949) ("It is ... well settled that ordinarily the Court will refuse a declaration 'where a special statutory remedy has been provided....' ").

Our Supreme Court's decision in *Banks v. Batesburg Hauling Co.*, 202 S. C. 273, 24 S. E. (2d) 496 (1943), while directly supporting the proposition that the Commission may regulate the cancellation by insurance carriers of workers' compensation insurance policies, buttresses our conclusion that the Commission, and not the circuit court, should determine the questions raised by Labouseur's complaint.

*Banks* involved a challenge to the validity of a rule of the Commission requiring an insurance carrier to notify the Commission when it cancelled a workers' compensation policy. *Cf.* S. C. Code Annot., Industrial Comm., Reg. 67-34 (1976) ("Any evidence of compliance issued to the Industrial Commission on behalf of any employer by an insurance carrier shall not ... be cancelled, until at least thirty (30) days have elapsed after a notice of termination has been received by the Industrial Commission....") The Supreme Court, without raising on its own the issue of subject matter jurisdiction of the Commission to determine a question of this kind, upheld the challenged rule and the Commission's finding that the policy was not effectively cancelled because of the insurance carrier's failure to comply with the rule. In reaching this conclusion, the Supreme Court characterized the rule attacked by the insurance carrier as a rule which "implement[ed] the [workers' compensation law] without violating it...." 202 S. C. at 280, 24 S. E. (2d) at 499.

*Banks* suggests to us that the Supreme Court recognized, albeit implicitly, that subject matter jurisdiction to decide

questions relating to the cancellation of a workers' compensation policy reposes exclusively in the Commission and that the Commission's action in adopting a rule regulating cancellation of such policies served merely to effectuate the purposes of the workers' compensation act.

Aside from the question of cancellation, each cause of action alleged by Labouseur in his complaint raises an issue directly related to the enforcement of the workers' compensation act in that each expressly seeks as damages from Harleysville Mutual and Chandler the amount Labouseur may be required to pay the injured employee in compensation. Clearly, the question of the amount of compensation, if any, payable to an employee injured in an industrial accident is one that "aris[es] under" the act. It is also one that only the Commission has the authority to determine. *Cook v. Mack's Transfer & Storage*, 291 S. C. 84, 352 S. E. (2d) 296 (Ct. App. 1986), *cert. denied*, 292 S. C. 230, 355 S. E. (2d) 861 (1986).

The questions, then, of whether Harleysville Mutual's policy covered the risk at the time of injury and whether Harleysville Mutual and Chandler cancelled the policy, are questions that should be resolved in this instance by the Commission in the proceeding concerned with the injured employee's claim for compensation. 4 LARSON, WORKMEN'S COMPENSATION § 92.40 at 17-37-17-46 (1988); *see Spivey v. Oakley's General Contractors*, 32 N. C. App. 488, 490, 232 S. E. (2d) 454, 455 (1977) ("There can be little doubt that, prior to the time the employer settled with the employee, the Commission had jurisdiction to determine the validity of the cancellation."); *cf. Williams Furniture Corp. v. Southern Coatings & Chemical Co., supra* (the circuit court properly refused to grant declaratory relief in an action brought by a self-insured furniture corporation that sought a declaration that it was not liable for payment of workers' compensation to a logging and lumber company's employees where claims for compensation were pending before the Commission); *Medical University of South Carolina v. Taylor*, 294 S. C. 99, 362 S. E. (2d) 881 (Ct. App. 1987) (the trial court improperly granted declaratory relief where a

statute provided a special remedy for a state employee with a cognizable grievance). In reaching our conclusion, we have considered only the facts appearing in the transcript of record. *See Vacation Time of Hilton Head Island, Inc. v. Lighthouse Realty, Inc.,* 286 S. C. 261, 332 S. E. (2d) 781 (Ct. App. 1985) (the Court of Appeals cannot consider any fact not appearing in the transcript of record).

Regarding Labouseur's contention that Chandler, Harleysville Mutual's agent, is not subject to the Commission's jurisdiction, we know of no reason why it could not be made a party to the workers' compensation proceeding if its inclusion as a party is necessary for the Commission to determine the issues of coverage and cancellation. This contention, therefore, lacks merit. *See* CODE OF LAWS OF SOUTH CAROLINA § 1-23-310 (1976) (revised 1986) (statute within the Administrative Procedures Act defining the term "party" to mean "each person ... named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party"); D. SHIPLEY, SOUTH CAROLINA ADMINISTRATIVE LAW at 7-31 (1983) ("Standing ... to become a party before an agency should be broadly recognized ... [and] should be awarded ... if he is in a position to present, for the benefit of the agency, some considerations which are important for the agency to know about or act upon....").

Reversed.

GARDNER and BELL, JJ., concur.