23289

John LABOUSEUR d/b/a Turpins, Petitioner v. HARLEYSVILLE MUTUAL INSURANCE COMPANY and R.V. Chandler and Sons, Inc., Respondents.

(397 S.E. (2d) 526)

Supreme Court

*Douglas F. Patrick, Foster, Covington & Patrick,* Greenville, *for petitioner.*

*H. Sam Mabry, III, Haynsworth, Marion, McKay & Guer-ard,* and *Herman E. Cox,* Greenville, *for respondents.*

Heard Feb. 6, 1990.

Decided Oct. 29, 1990.

TOAL, Justice:

We granted *certiorari* to review the Court of Appeals' decision in *Labouseur v. Harleysville Mut. Ins. Co.,* 298 S.C. 213, 379 S.E. (2d) 291 (1989), which held that the South Carolina Workers' Compensation Commission has exclusive jurisdiction over the subject matter of an action brought by an employer against his workers' compensation insurance carrier and insurance agent for wrongful cancellation of a policy. We affirm as modified.

## FACTS

John Labouseur, who operates a restaurant business known as "Turpin's," purchased a workers' compensation insurance policy with Harleysville Mutual Insurance Company (Harleysville) through its agent, R.V. Chandler and Sons, Inc. (R.V. Chandler). A dispute exists concerning whether Harleysville and R.V. Chandler properly cancelled Labouseur's 1985-86 policy. An employee of Turpin's was allegedly injured on the job in June of 1986, and filed a workers' compensation claim in September of 1986.

Because of the contested cancellation Labouseur was forced to hire counsel and defend against his employee's claim. Prior to a determination by the Workers' Compensation Commission regarding whether the employee's claim was compensable, Labouseur brought this suit in circuit court against Harleysville and R.V. Chandler. Labouseur sought a declaratory judgment that the policy was improperly cancelled and that therefore the defendants pay the costs of defense and any compensation due the employee. He also sought damages for bad faith and/or negligent cancellation of the policy.

The defendants moved for summary judgment on the pertinent ground that the circuit court lacked subject matter jurisdiction in the matter, and that the Workers' Compensation Commission had exclusive jurisdiction over the issues pre-

sented in Labouseur's action. The trial court refused to grant summary judgment to the defendants, and they appealed. The Court of Appeals reversed the ruling of the trial court. Labouseur then petitioned this Court for a writ of *certiorari.*

## LAW/ANALYSIS

The Court of Appeals held that the Workers' Compensation Commission had exclusive jurisdiction to decide the issues presented in this suit. The court appears to have based its ruling primarily on the language in S.C. Code Ann. § 42-3-180 (1976), which requires that "[a]ll questions arising under" the Workers' Compensation Act be determined by the Commission. The court held:

> Nowhere does the act otherwise provide that questions *relating* to the cancellation of a workers' compensation insurance policy are not to be determined by the Commission. Absent such a provision, the jurisdiction conferred on the Commission by the act to determine "all questions arising under" the act "includes the right and duty to hear and determine questions of fact and law respecting the existence of insurance coverage and liability of the insurance carrier," *grounded as both are on the alleged cancellation* by Harleysville Mutual and Chandler on the policy.

(emphasis added) 298 S.C. at 215, 379 S.E. (2d) at 292. While we agree with the result reached by the Court of Appeals, the dimensions of its analysis and holding are uncertain. Some language used appears to indicate that the Court of Appeals intended its ruling to be of great breadth. We cannot agree with this interpretation of our law. Hence, for the sake of clarity and to provide guidance to the bench and bar we now set forth the controlling law in this case with more specificity.

The dispute between Labouseur and the defendants here is, principally, not one "arising under" the Workers' Compensation Act, but instead one that springs from our decision in *Nichols v. State Farm Mut. Aut. Ins. Co.,* 279 S.C. 336, 306 S.E. (2d) 616 (1983) and "arises under" the common law of South Carolina. As such, as a general matter, we hold that the circuit court is the proper forum for a wrongful cancellation action by an insured/employer against his carrier and its

agent. This dispute does not include any contention by Labouseur or by the defendants about the merits or lack thereof of the employee's claim for compensation. Conversely, it involves, primarily, claims solely between an insured and its carrier and agent.

Further, the Commission is not empowered to adjudicate the instant dispute in a meaningful way. The Commission cannot award damages to Labouseur (such as the attorney fees he incurred in defending against his employee's claim. *See Brown v. South Carolina Ins. Co.*, 284 S.C. 47, 324 S.E. (2d) 641 (Ct. App. 1984)). The Commission also lacks the ability to award punitive damages to Labouseur if he were successful in demonstrating bad faith and reckless/wilful conduct on the part of the defendants.

The difficulty in determining which forum is proper for the adjudication of Labouseur's action lies in the fact that a bad faith/wrongful cancellation action has, at its bottom, the question of whether cancellation was proper. The Workers' Compensation Commission *is* empowered to decide this root question, when it arises in the context of an employee's claim for compensation.[1] Hence, were we to allow Labouseur's suit to proceed in circuit court, while at the same time his employee's compensation claim is being decided by the Commission, we would be faced with the anomalous result of having two different adjudicative bodies simultaneously deciding the question of whether cancellation of coverage was proper.

Therefore, we adopt the approach of other jurisdictions and hold that, when there is a pending employee claim for compensation, the exclusive jurisdiction for the determination of questions concerning cancellation, coverage, construction of insurance contracts, and the like, is in the Workers' Compensation Commission. On the other hand, when there exists no pending employee claim for compensation, the Commission lacks the jurisdiction to decide such

---

[1] "The general rule appears to be that, when it is ancillary to the determination of the employee's right, the compensation commission has authority to pass upon a question relating to the insurance policy, including ... reformation of the [insurance] policy, cancellation, existence or validity of an insurance contract, coverage of the policy at the time of injury, and construction of extent of coverage." 4 Larson on Workmen's Compensation Law § 92.41 (footnotes omitted).

questions. *See, e.g., Clark v. Gastonia Ice Cream Co.*, 261 N.C. 234, 134 S.E. (2d) 354 (1964); *State Compensation Ins. Fund v. Industrial Accident Comm'n*, 20 Cal. (2d) 264, 125 P. (2d) 42 (1942); *Thompson v. Liberty Nat. Ins. Co.*, 78 Idaho 381, 304 P. (2d) 910 (1956); 4 Larson on Workmen's Compensation Law § 92.42.

In all events the Commission is never a proper forum for a bad faith/wrongful cancellation action. Labouseur was therefore correct in bringing this action in circuit court. However, Labouseur simply brought this action prematurely, as he must first wait until the employee's claim for compensation is resolved. In this compensation proceeding, the Commission may adjudicate questions such as cancellation so that the employee will be able to receive speedy relief, if deserved. When the employee's rights are not involved, an employer/insured must present all such issues to the circuit court.[2]

Accordingly, the ruling of the Court of Appeals is affirmed as modified.

GREGORY, C.J., LITTLEJOHN, Acting Associate Justice, HARWELL and FINNEY, JJ., concur.

---

[2] We note that during oral argument it was revealed that the employee's claim has now been resolved, and that the employee was found not deserving of relief. Of course, we are unable to consider this fact in disposing of this case. However, since we are affirming the Court of Appeals reversal of the judgment below, Labouseur has one year to commence a new action in circuit court pursuant to S.C. Code Ann. § 15-3-90 (1976).