23325

SOUTH CAROLINA PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION, Appellant v. CAROLINAS ROOFING AND SHEET METAL CONTRACTOR'S SELF-INSURERS FUND and Cannon Roofing Company, Respondents, and Hosea Foster, Defendant.

(401 S.E. (2d) 144)

Supreme Court

*Grady L. Beard, Robert W. Foster, Jr.,* and *James C. Gray, Jr.,* Columbia, *for appellant.*

*John R. Talley* and *Robert P. Wood,* Columbia, *for respondents.*

*Gary W. Poliakoff,* Spartanburg, *for defendant.*

Heard Dec. 14, 1990.

Decided Feb. 4, 1991.

FINNEY, Justice:

The appellant, South Carolina Property and Casualty Insurance Guaranty Association (Guaranty Association), appeals a circuit court order granting respondents' motion for judgment on the pleadings based upon the court's finding that the South Carolina Workers' Compensation Commission (Commission) had exclusive jurisdiction in this action. We reverse.

Respondent Cannon Roofing Company, Inc. (Cannon), was a member of respondent Carolinas Roofing and Sheet Metal Contractors Self-Insurers Fund (Roofers Fund), an association of South Carolina and North Carolina roofing contractors which qualified as a self-insurer under the South Carolina Workers' Compensation Act. The Roofers Fund acquired a workers' compensation policy of insurance from Mission Insurance Company (Mission) to provide coverage for claims against its members in excess of individual and aggregate deductible amounts. Mission was covered by the South Carolina Property and Casualty Insurance Guaranty Association Act. S.C. Code Ann. § 38-31-10, et seq. (1989). The Guaranty Association's function is to provide protection for insureds in the event their insurance carriers become insolvent.

Hosea Foster (Foster), a Cannon employee, sustained a work-related injury on June 26, 1985. Foster filed a claim for

workers' compensation which exceeded the specific deductible and/or the aggregate deductible amounts. Subsequent to June 26, 1985, and prior to disposition of Foster's claim, Mission became insolvent. The Roofers Fund demanded that the Guaranty Association pay the amount of Foster's claim which was due under the Mission policy. The Guaranty Association declined to pay the claim, alleging several defenses under § 38-31-10, et seq. On September 27, 1988, the Roofers Fund petitioned the Commission for a determination as to the Guaranty Association's liability. The Guaranty Association's response to the petition was filed on November 23, 1988.

On October 31, 1988, Foster and the respondents entered into a settlement agreement, approved by the Commission, for an amount in excess of respondents' self-insured coverage. The agreement released respondents from any and all liability of whatsoever nature and kind under the South Carolina Workers' Compensation Act growing out of, or in any way connected with, Foster's injury on June 26, 1985.

On December 13, 1988, the Guaranty Association filed a complaint in the Court of Common Pleas seeking a declaratory judgment as to its liability for the claim. Respondents moved for judgment on the pleadings, alleging that there was before the Commission another action pending between the same parties for the same claim, and that the issue raised in the complaint were within the exclusive jurisdiction of the Commission. On May 5, 1989, the circuit court ruled that the Commission had exclusive jurisdiction and granted respondents' motion. This appeal followed.

Appellant argues the circuit court erred in finding that the Commission has exclusive jurisdiction, citing *Labouseur v. Harleysville Mutual Insurance Company*, 298 S.C. 213, 379 S.E. (2d) 291 (Ct. App. 1989), which was modified by this Court subsequent to the circuit court's order, *Labouseur v. Harleysville Mutual Insurance Company*, ___ S.C. ___, 397 S.E. (2d) 526 (1990). In *Labouseur*, we held:

> . . .[W]hen there is a pending employee claim for compensation, the exclusive jurisdiction for the determination of questions concerning cancellation, coverage, construction of insurance contracts, and the like, is in the Workers' Compensation Commission. On the other hand,

*when there exists no pending employee claim for compensation,* the Commission lacks the jurisdiction to decide such questions. (Emphasis added.)

Respondents argue that still unresolved and pending before the Commission is the issue of what other medical expenses incurred by Foster prior to the date of the agreement are causally related to his work-related injury. Additionally, respondents contend that disputes between employers and insurance carriers are within the exclusive jurisdiction of the Commission and that under S.C. Code Ann. § 38-31-60(b) (1989), the Guaranty Association is considered the insurer in this case.

The primary issue before this Court is whether there was a pending employee claim for compensation before the Commission at the time the action was commenced in circuit court.

We conclude that the agreement approved by the Commission was intended to settle Foster's claim in its entirety and that the Commission lacks jurisdiction in this matter. The pertinent portion of the settlement agreement provided:

> ... The payments shall be in full settlement and satisfaction of every liability of whatsoever nature or kind under the South Carolina Workers' Compensation Act growing out of, or in any way connected with, said injury by accident occurring on or about June 26, 1985, while claimant was an employee of Cannon Roofing.
>
> The Defendants shall be responsible for Three Thousand and No/100 ($3000.00) Dollars of the medical expenses incurred during the hospitalization in Rogers Peace Hospital from May 10, 1987 through June 21, 1987, and any other medical causally related to the claimant's injury and incurred prior to the date of this agreement and approved by this Commission. It is further expressly understood and agreed that any and all further medical expenses of whatsoever nature or kind shall be the express liability of the Claimant and the Defendants shall have no liability whatsoever. ...

The settlement agreement stipulated that the matter was *res judicata* and not subject to review under any conditions. Therefore, in accordance with our analysis set out in

*Labouseur,* we find that there existed no employee claim for compensation at the time the action was instituted in circuit court, and the Commission lacks jurisdiction to decide issues raised in the Guaranty Association's complaint.

Accordingly, the ruling of the circuit judge is reversed and this case is remanded to the circuit court.

Reversed and remanded.

HARWELL, Acting C.J., CHANDLER and TOAL, JJ., and JAMES E. MOORE, Acting Associate Justice, concur.