THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Donald R. Willis, Respondent,
v.
Grand Strand Sandwich Shop and N.C. Insurance Guaranty Assn,
Appellants.
 
 
 

Appeal From Horry County
 John M. Milling, Circuit Court Judge

Unpublished Opinion No. 2005-UP-590
Submitted September 1, 2005  Filed November 18, 2005

REVERSED

 
 
 
Jason W. Lockhart, McAngus, Goudelock, & Courie, of Columbia, for Appellants
Eric C. Davis, Atwater & Davis, of Columbia, for Respondent.
 
 
 

PER CURIAM:  In this workers compensation case, the North Carolina Guaranty Association (N.C. Guaranty) appeals the circuit courts order reversing the Appellate Panel of the South Carolina Workers Compensation Commission (Full Commission) and reinstating the Single Commissioners findings.  The Full Commission held N.C. Guaranty was not bound by the Single Commissioners order, which was issued during a stay mandated by the South Carolina Property and Casualty Insurance Guaranty Association Act.  We reverse.   
FACTS
On March 19, 2001, Willis filed a form 50 seeking benefits for a back injury sustained in the scope and course of his employment and requesting a hearing on the matter.  At the time of Williss hearing request, Reliance National Indemnity Company (Reliance) was the insurance carrier.  Although the Single Commissioner timely notified Reliance that a hearing was scheduled for September 4, 2001, Reliance failed to respond by filing a form 51 or by appearing at the hearing.  Therefore, the Single Commissioner admitted Williss Administrative Procedures Act submissions and heard Williss testimony in Reliances absence.  
On October 2, 2001, the State of Pennsylvania issued an order declaring Reliance insolvent.  At that time, all claims were turned over to the South Carolina Property and Casualty Insurance Guaranty Association (S.C. Guaranty) for handling.  On November 6, 2001, the Workers Compensation Commission notified Williss attorney that section 38-31-160 of the South Carolina Code (2002) mandated a 90-day stay for all suits and proceedings involving Reliance due to its insolvency.  
The Single Commissioner issued an order on November 19, 2001 and made the following findings of fact: Willis sustained a back injury in the course and scope of his employment on April 9, 1999, Reliance was responsible for payment of medical care and temporary total disability benefits from April 12, 1999 until September 6, 1999, and Willis sustained 51% permanent disability.  
Thereafter, Williss attorney forwarded a copy of the Single Commissioners order to S.C. Guaranty and requested payment.  On March 14, 2002 Willis sent a letter to S.C. Guaranty indicating he was informed that because Willis was a North Carolina resident, his claim would be referred to N.C. Guaranty and requesting contact information for N.C. Guaranty.  S.C. forwarded Williss letter to N.C. Guaranty.  N.C. Guaranty contacted Williss attorney to obtain information after it received notice of the claim on March 22, 2002.  Williss attorney sent a copy of Williss file on April 17, 2002 and a copy of the complete workers compensation package on May 7, 2002.  
On August 30, 2002, N.C. Guaranty filed a motion to reconsider or vacate the Single Commissioners order, arguing it could not be legally bound by the Single Commissioners decision.  By order dated September 20, 2002, the Single Commissioner denied the motion.  N.C. Guaranty requested review by the Full Commission.  By an order dated March 21, 2003, the Full Commission set aside the Single Commissioners order and substituted its findings of fact.  The Full Commission found Willis was entitled to payment of 21 weeks of temporary total disability benefits and all related medical bills, but that the matter would be remanded to a jurisdictional commissioner for a hearing on the extent of Williss permanent partial disability.  
Thereafter, Willis appealed to the circuit court, which reversed the order of the Full Commission and reinstated the Single Commissioners order.  This appeal followed.  
STANDARD OF REVIEW
The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the Workers Compensation Commission.  Hargrove v. Titan Textile Co., 360 S.C. 276, 288, 599 S.E.2d 604, 610 (Ct. App. 2004).  Pursuant to the APA, this courts review is limited to deciding whether the commissions decision is unsupported by substantial evidence or is controlled by some error of law.  S.C. Code Ann. § 1-23-380(A)(6) (2005).  
LAW/ANALYSIS
N.C. Guaranty argues the circuit court erred in reversing the Full Commissions decision, which vacated the Single Commissioners order and remanded Willis partial permanent disability claim to permit N.C. Guaranty to defend on the merits.  N.C. Guaranty contends the Single Commissioner exceeded his authority by issuing a final ruling during the mandated 90 day stay period and that the Full Commission correctly set aside that order.  We agree.[1]  
The South Carolina Property and Casualty Insurance Guaranty Association Act, S.C. Code Ann. § 38-31-1 to 93, provides protection for insureds in the event their insurance carriers become insolvent by providing payment for covered claims.  S.C. Prop. and Cas. Ins. Guar. Assn v. Carolinas Roofing and Sheet Metal Contractors Self-Insurers Fund, 303 S.C. 368, 369, 401 S.E.2d 144, 145 (1991).  Section 38-31-160 of the Act provides a mandatory automatic 90-day stay for all claims against an insolvent insurer: All proceedings involving covered claims in which the insolvent insurer is a party or is obligated to defend a party in any court in this State must be stayed ninety days from the date insolvency is determined to permit proper defense by the association.   
In the case sub judice, the Single Commissioner held a hearing on September 4, 2001, but didnt issue a final, written order until November 19, 2001.  The Single Commissioner clearly issued his decision after the mandatory 90-day stay went into effect on October 2, 2001, the date Reliance was declared insolvent.  First Union Natl Bank of S.C. v. Hitman, Inc., 306 S.C. 327, 329, 411 S.E.2d 681, 682 (Ct. App. 1991) (holding an order is not final until it is written and entered); see also Rule 58(a), SCRCP (judgment not effective until entered in the record).  Because the Single Commissioner was without authority to issue a final written order during the mandatory stay period, the order dated November 19, 2001 was void ab initio.  See Turner v. Malone, 24 S.C. 398 (1886) (holding a judgment or order entered without jurisdiction is void ab initio); see also Webster v. Clanton, 259 S.C. 387, 391, 192 S.E.2d 214, 216 (1972) (explaining that an order issued without jurisdiction is void and a void order has no legal effect); cf Ex parte Reichlyn, 310 S.C. 495, 499, 427 S.E.2d 661, 663 (1993) (holding judgment entered in violation of the automatic stay in a bankruptcy proceeding is void because the court lacks subject matter jurisdiction to take any action inconsistent with the stay).  Therefore, the Full Commission properly decided N.C. Guaranty could not be legally bound by the November 19, 2001 order.
N.C. Guaranty also argues the trial court erred in reinstating the Single Commissioners order.  N.C. Guaranty contends the Full Commissions findings of fact are supported by substantial evidence and should be affirmed.  We agree.  
The Full Commission is the ultimate fact finder in workers compensation cases and is not bound by the single commissioners findings of fact.  Gibson v. Spartanburg Sch. Dist. No. 3, 338 S.C. 510, 517, 526 S.E.2d 725, 729.  A reviewing court should affirm a decision by the Full Commission unless it is clearly erroneous in view of the substantial evidence on the whole record.  Gray v. Club Group, Ltd., 339 S.C. 173, 183, 528 S.E.2d 435, 440 (Ct. App. 2000).  
Having decided the Single Commissioners order dated November 19, 2001 was void ab initio, we reverse the circuit courts order reinstating the Single Commissioners findings.  Because the Full Commission is the ultimate finder of fact in a workers compensation case and its order was not issued during the automatic stay period, we uphold the order dated March 21, 2003.  N.C. Guaranty is not seeking to escape liability for the claim.  The Full Commission ordered N.C. Guaranty to pay Willis 21 weeks of temporary total disability benefits and all related medical bills. Moreover, the Full Commission simply remanded the issue of permanent partial disability to allow N.C. Guaranty the opportunity to defend the claim on the merits because the Single Commissioners order was improperly issued.  Therefore, the order of the circuit court is 
REVERSED.  
GOOLSBY, BEATTY, and SHORT, JJ., concur. 

[1]  Because we find the Single Commissioners order was void ab initio, we need not address the circuit courts finding that N.C. Guaranty was not authorized by section 38-31-160 of the South Carolina Code (2002) to apply to have the judgment set aside.