1632

SHAW COMPONENTS, INC., Respondent v. The NATIONAL BANK OF SOUTH CAROLINA, Appellant. HOFFMAN ENTERPRISES, INC., d/b/a Basquettes, Respondent v. The NATIONAL BANK OF SOUTH CAROLINA, Appellant.

(403 S.E. (2d) 153)

Court of Appeals

---

*Ramon Schwartz, Jr.,* and *Harry B. Burchstead, Jr.,* both of *Schwartz, McLeod, DuRant & Burchstead,* Sumter, *for appellant.*

*J. Edward Bell, III,* of *Bell & Bagley,* Sumter, *for respondents.*

Heard Dec. 12, 1990.

Decided March 11, 1991.

BELL, Judge:

The question on appeal in these consolidated cases is whether the National Bank of South Carolina is precluded from litigating its liability for conversion and negligence against Shaw Components, Inc., and Hoffman Enterprises, Inc., under a theory of nonmutual, offensive collateral estoppel. In the circuit court, Shaw and Hoffman contended that the judgment in *Richardson's Restaurants, Inc. v. National Bank of South Carolina,* No. 88-CP-43-203 (Sumter C.P., March 2, 1989), precluded the Bank from relitigating these issues. The circuit judge agreed and granted partial summary judgment to Shaw and Hoffman as to liability. The Bank appeals. We reverse.

During the pendency of this appeal, we reversed the judgment against the Bank in the *Richardson's* case, holding, as a matter of law, that it was not liable to Richardson's for either conversion or negligence. *See Richardson's Restaurants, Inc. v. National Bank of South Carolina,* Op. No. 1631, — S.C. —, — S.E. (2d) — (S.C. Ct. App. filed March 11, 1991). Accordingly, the doctrine of issue preclusion does not apply in these cases. *See, e.g., Ornellas v. Oakley,* 618 F. (2d) 1351, 1356 (9th Cir. 1980) (reversed judgment cannot serve as the basis for a disposition on the ground of res judicata or collateral estoppel).

Reversed.

SHAW and CURETON, JJ., concur.