513 S.E.2d 96

LIFSCHULTZ FAST FREIGHT, INC., Petitioner,

v.

HAYNSWORTH, MARION, McKAY & GUÉRARD, a South Carolina Partnership, William P. Simpson, Jr., William M. Grant, Jr., Julius McKay, and John B. McLeod, Jointly and Severally, Respondents.

No. 24895.

Supreme Court of South Carolina.

Heard Dec. 16, 1998.

Decided Feb. 8, 1999.

D. Dusty Rhoades, of Charleston, for petitioner.

Donald V. Richardson, III and Charles E. Carpenter, Jr., both of Richardson, Plowden, Carpenter & Robinson, of Columbia, for respondents.

PER CURIAM:

We granted certiorari to review the Court of Appeals' decision reported at 324 S.C. 645, 486 S.E.2d 14 (Ct.App.1997). We now affirm in part as modified, and vacate Part III of that opinion which discusses the foreseeability of damages.

Petitioner sued respondents for legal malpractice, breach of contract, and breach of fiduciary duty. The circuit court granted respondents summary judgment, and the Court of Appeals affirmed. Prior to initiating this state action, petitioner had brought a federal anti-trust suit in which he was initially represented by respondents.[1] Over petitioner's vehement objections, respondents were permitted to withdraw from representation. Petitioner never appealed this withdrawal, and ultimately lost the anti-trust suit at the summary judgment stage.

The crux of this current action is petitioner's contention that the federal judge erred in permitting respondents to withdraw from the anti-trust suit. The circuit court and the Court of Appeals held this issue could not be relitigated in this forum, the Court of Appeals characterizing the federal judge's ruling as "the law of the case." We agree that relitigation is barred, but modify the Court of Appeals' decision to reflect that the issue is precluded not by the law of the case doctrine, which applies only to subsequent proceedings in the same litigation following an appellate decision, but by the doctrine of *res judicata.* Since a federal judgment is urged as the bar, federal law applies. *Crestwood Golf Club, Inc. v. Potter,* 328 S.C. 201, 493 S.E.2d 826 (1997). The federal view of *res judicata* includes the concept of "issue preclusion," which "bars relitigation of particular issues actually litigated and decided in the prior suit." *Id.* The propriety of respondents' withdrawal was vigorously litigated and actually decided in the

---

1. A fuller exposition of the facts is found in the Court of Appeals' opinion.

anti-trust suit, and therefore is *res judicata.* Accordingly, we affirm this part of the Court of Appeals' opinion as modified.

After correctly holding that petitioner's suit was procedurally barred, the Court of Appeals went on to discuss the foreseeability of damages in Part III of its opinion. This discussion is not necessary to the decision in this case, and, therefore, we vacate Part III. Accordingly, the decision of the Court of Appeals in this matter is

**AFFIRMED AS MODIFIED IN PART; VACATED IN PART.**