721 S.E.2d 461

**Christopher PRICE, Claimant,**

v.

**PEACHTREE ELECTRICAL SERVICES, INC.,
Employer, and Builders Mutual Insurance
Company, Carrier, Respondents,**

v.

**Bob Wire Electric, Inc., self-insured Employer, through South
Carolina Home Builders Association SIF, Appellants.**

**No. 4923.**

Court of Appeals of South Carolina.

Heard Oct. 5, 2011.
Decided Dec. 21, 2011.
Rehearing Denied Jan. 27, 2012.

---

404

Kirsten Leslie Barr, of Mount Pleasant, for Appellants.

Richard C. Detwiler, of Columbia, for Respondents.

KONDUROS, J.

Christopher Price was injured while working for Peachtree Electrical Services (Peachtree) in December 2002. In 2003, while in the employment of Bob Wire Electrical (Bob Wire), Price was injured again. Bob Wire and the South Carolina Home Builders Self Insurers' Fund (collectively Appellants) appeal the circuit court's order affirming the decision of the Appellate Panel of the Workers' Compensation Commission (the Commission) requiring Bob Wire to reimburse Peachtree for benefits Peachtree paid to Price after the 2003 injury. We vacate the single commissioner's, the Appellate Panel's, and the circuit court's orders.

## FACTS

Price injured his back in an accident arising out of and in the course and scope of his employment with Peachtree on December 9, 2002, while working at a restaurant owned by the Divine Dining Group, Inc. Peachtree and its carrier admitted liability for the injury, voluntarily paid temporary total disability compensation, and authorized medical treatment including a surgery performed by Dr. William L. Mills of Coastal Orthopaedic Associates. Price was released to full-duty work at maximum medical improvement on August 8, 2003, with a ten percent impairment rating to the whole body and thirteen percent to the spine. Price did not return to work for Peachtree but went to work part-time for Bob Wire and

suffered another injury in November 2003.[1] Price did not return to work at Bob Wire and never filed a claim against Bob Wire. Instead, he returned to Dr. Mills and complained of worsening and continuing back pain stemming from the 2002 accident. Peachtree again provided benefits to Price, paying him the same temporary total benefits as in 2002, and authorized medical treatment, which included an additional surgery.

In May 2004, Price filed a negligence claim against Divine Dining for his injuries arising out of the 2002 accident. The complaint sought past and future medical bills, past and future physical pain and suffering, past and future lost wages, past and future mental pain and suffering, and permanent disability. In February 2005, Price filed a Form 50 seeking total disability stemming from his back injury, which the form indicated was caused by the 2002 accident. Price was given a twenty percent impairment rating after the second accident. In April 2005, Peachtree added Bob Wire as a party to the workers' compensation action. Peachtree's attorney indicated Bob Wire was added as soon as Peachtree discovered, by reading Price's deposition testimony in the negligence action, a second injury had occurred.

Price settled his negligence claim against Divine Dining for $540,000 in April 2006. In June 2006, Peachtree entered into a clincher agreement with Price for $50,000, whereby Peachtree released its liens against the proceeds of the negligence action and Price released Peachtree from all further liability. Each covenanted not to waive any claims either of them may have against Bob Wire. Bob Wire was not informed of the clincher agreement.

The single commissioner determined no evidence demonstrated Bob Wire ever knew of a second accident and no evidence showed the injury in 2003 was not just a continuation of the injury Price had already suffered. On appeal, the Appellate Panel reversed the single commissioner, finding Price had suffered a second accident in 2003 and holding Bob Wire responsible for reimbursing Peachtree for benefits

---

1. According to Price's testimony, his supervisor at the time was working on the other side of the wall where they were pulling and installing electrical cables. Price fell to the ground and moaned in pain, and his supervisor checked on him.

Peachtree paid to Price as a result of the second accident. The matter was remanded to the single commissioner to determine "the average weekly wage and benefits, etc., and apportionment of benefits paid and/or to be paid in a manner consistent with the findings set forth herein." Bob Wire attempted to appeal from this order, but the appeal was dismissed as untimely.

On remand to the single commissioner, Peachtree submitted evidence regarding the compensation and medical treatment it had provided to Price. Bob Wire argued Peachtree had waived its right to seek reimbursement for these costs from Bob Wire by entering into the clincher agreement with Price regarding the 2002 injury. The single commissioner was unpersuaded and ordered that Bob Wire reimburse Peachtree for all causally-related medical treatment and temporary total disability compensation provided to Price by Peachtree after November 3, 2003, in the amount of $112,789.42 and $47,023.88 respectively. The Appellate Panel and circuit court affirmed the single commissioner's order. This appeal followed.

## LAW/ANALYSIS

■ Bob Wire contends the Commission lacks subject matter jurisdiction [2] to deal with Peachtree's equitable claim for reimbursement because the Commission's authority is derived strictly from statute in derogation of the common law. We agree.

■ As a threshold matter, Peachtree contends the findings in the Appellate Panel's first order of May 2007 (First Order) constitute the law of the case because the appeal from that order was dismissed as untimely. We disagree.

Peachtree is correct in asserting that, in effect, no immediate appeal was taken from the First Order because Bob Wire's appeal was late.[3] However, we disagree that Bob Wire was

---

2. Subject matter jurisdiction refers to "the authority of a court to entertain a particular action." *Cribb v. Spatholt*, 382 S.C. 475, 481, 676 S.E.2d 706, 709–10 (Ct.App.2009).

3. Bob Wire filed its appeal of the First Order outside the thirty-day time limit set forth in section 42–17–60 of the South Carolina Code (Supp. 2006).

required to immediately appeal the First Order to prevent its findings from becoming the law of the case. An intermediate order *may* be appealed if it involves the merits of the case as described in section 14–3–330(1).[4] Section 14–3–330 merely allows the aggrieved party to appeal an intermediate order involving the merits; it does not require an appeal at that time. The aggrieved party may wait until a final judgment is rendered and then appeal. *See Lancaster v. Fielder,* 305 S.C. 418, 421, 409 S.E.2d 375, 377 (1991) ("[I]f there is a final judgment, and the party timely files his notice of intent to appeal from that judgment, under section 14–3–330(1) this [c]ourt can review any intermediate order or decree necessarily affecting the judgment not before appealed from.").

Accordingly, Bob Wire was not required to appeal the First Order immediately following its issuance to avoid the findings therein becoming the law of the case.[5] Instead, Bob Wire, as it was permitted to do, appealed the final judgment of the single commissioner on remand. Bob Wire continued to raise the jurisdictional question on subsequent appeals to the Appellate Panel, the circuit court, and this court. Therefore, the findings of the First Order regarding subject matter jurisdiction did not constitute the law of the case, and the issue is properly preserved for our consideration in this appeal.

 Turning our attention to that issue, our jurisprudence has long recognized the power of the Commission is derived strictly from statute.

---

4. Appeals from the Commission are governed by section 42–17–60 of the South Carolina Code (Supp.2010). *See Charlotte–Mecklenburg Hosp. Auth. v. S.C. Dep't of Health & Envtl. Control,* 387 S.C. 265, 266, 692 S.E.2d 894, 894 (2010) (holding if a more specialized statute concerning appealability exists, it is controlling); *see also Allison v. W.L. Gore & Assocs.,* 394 S.C. 185, 187, 714 S.E.2d 547, 549 (2011) (discussing appealability of workers' compensation claim as governed by section 42–17–60). At the time of this case, section 42–17–60 of the South Carolina Code provided that workers' compensation appeals were to be taken in the same manner as other appeals. *See* S.C.Code Ann. § 42–17–60 (Supp.2006) (stating a party could appeal "under the same terms and conditions as govern appeals in ordinary civil actions"). Thus, the general appealability statute at section 14–3–330 of the South Carolina Code (1977 & Supp.2010) is controlling.

5. We decline to address whether the First Order constituted an appealable interlocutory order as such a determination is not necessary to the disposition of this issue.

The right to workmen's compensation is wholly statutory, not existing except under the circumstances provided in the Workmen's Compensation Acts. It is not a common law right for the reason that the Acts are in derogation of, or departures from, the common law, and are not amendatory, cumulative or supplemental thereto, nor declaratory thereof, but wholly substitutional in character. . . .

*Marchbanks v. Duke Power Co.*, 190 S.C. 336, 363, 2 S.E.2d 825, 836 (1939) (internal quotation marks and citations omitted). Therefore, the Commission's jurisdiction and authority is circumscribed by the Workers' Compensation Act (the Act).

 Peachtree argues unless an express provision prohibits an action, the Commission can deal with any issue arising under the Act. *See* S.C.Code Ann. § 42–3–180 (1985) ("All questions arising under this Title, if not settled by agreement of the parties interested therein with the approval of the Commission, shall be determined by the Commission, except as otherwise provided in this Title."); *see also James v. Anne's Inc.*, 390 S.C. 188, 198, 701 S.E.2d 730, 735 (2010) (finding the Commission had authority to prorate a lump sum award because nothing in the Act prohibited, either expressly or impliedly, the proration language at issue). However, only disputes ancillary to an *employee's right to compensation* arise under the Act. *See Labouseur v. Harleysville Mut. Ins., Co.*, 302 S.C. 540, 544, 397 S.E.2d 526, 529 (1990) (discussing the Commission's purview to determine policy cancellation and stating "[w]hen the employee's rights are not involved, an employer/insured must present all such issues to the circuit court"); *see also Roper Hosp. v. Clemons*, 326 S.C. 534, 539, 484 S.E.2d 598, 600 (Ct.App.1997) (holding a medical provider's common law claims for payment of employee's medical bills did not fall within the purview of the Act and claims would properly be litigated in circuit court). Claims not affecting the employee's right to compensation are within the purview of the circuit court, not of the Commission.

In this case, the claim presented is a common law, equitable claim for reimbursement made by Peachtree, an employer, against Bob Wire, another employer. The matter directly in contention does not affect Price's right to compensation. He has been completely compensated for the 2002 accident pursuant to the clincher agreement between himself and Peachtree,

and any future benefits for which Bob Wire may be liable are a separate and distinct matter from any benefits Peachtree may have paid previously. Therefore, the Commission lacked subject matter jurisdiction to determine Peachtree's right to reimbursement from Bob Wire, and that claim should have been dismissed.

Because our determination as to the jurisdiction of the Commission is dispositive of the case, we need not address Bob Wire's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address additional issues when one issue is dispositive). Because the Commission lacked subject matter jurisdiction to hear Peachtree's claim for reimbursement, the single commissioner's order, the Appellate Panel's order, and the circuit court's order are hereby

**VACATED.**

FEW, C.J., and THOMAS, J., concur.