748 S.E.2d 229

Christopher PRICE, Claimant,

v.

PEACHTREE ELECTRICAL SERVICES, INC.
and Builders Mutual Insurance Company,
Employer/Carrier, Petitioners,

v.

Bob Wire Electric, Inc., self-insured Employer, through South
Carolina Home Builders Association SIF, Respondents.

Appellate Case No.2012–207886.

No. 27314.

Supreme Court of South Carolina.

Submitted Aug. 5, 2013.
Decided Sept. 11, 2013.

Richard C. Detwiler and Mary Dameron Milliken, both of Callison Tighe & Robinson, LLC, of Columbia, for Petitioner.

Kirsten Leslie Barr, of Trask & Howell, LLC, of Mt. Pleasant, for Respondent.

PER CURIAM.

Peachtree Electrical Services seeks review of the Court of Appeals' decision in *Price v. Peachtree Elec. Servs., Inc.*, 396 S.C. 403, 721 S.E.2d 461 (2011), finding the Workers' Compensation Commission did not have subject matter jurisdiction over Peachtree's equitable subrogation claim. We deny the petition for a writ of certiorari as to Peachtree's Question III and affirm with regard to subject matter jurisdiction. However, we grant the petition as to Peachtree's Questions I and II, dispense with further briefing, and affirm as modified herein the decision of the Court of Appeals regarding appealability of the first appellate panel order.

■ Earlier in this matter, an appellate panel of the Workers' Compensation Commission issued an order finding Bob Wire Electric was responsible for an injury incurred by claimant that was originally attributed to Peachtree. The appellate panel remanded the case to the single commissioner for further determination of benefits. Bob Wire did not immediately appeal the appellate panel order, but subsequently appealed the order of the single commissioner.

Peachtree argued before the Court of Appeals that the appellate panel order was a final decision and because Bob Wire did not appeal that decision, the findings of fact and

conclusions of law in the order were the law of the case. The Court of Appeals found, pursuant to S.C.Code Ann. § 14–3–330 (1976 & Supp.2012), Bob Wire was not required to file an immediate appeal from the appellate panel order, but could wait and appeal the final judgment of the single commissioner and in fact did. The Court of Appeals applied S.C.Code Ann. § 42–17–60 (Supp.2012) in finding section 14–3–330, the general applicability statute, controlling.

■ However, recently, this Court in *Bone v. U.S. Food Service*, 404 S.C. 67, 744 S.E.2d 552 (2013), clarified that the Administrative Procedures Act (APA), not section 14–3–330, establishes the standard for judicial review of decisions of the Workers' Compensation Commission. Pursuant to the APA, "[a] party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review." S.C.Code Ann. § 1–23–380 (Supp.2012). An agency decision that does not decide the merits of a contested case is not a final agency decision subject to judicial review. *Bone, supra.* "A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate review." S.C.Code Ann. § 1–23–380.

Accordingly, the Court of Appeals' reliance upon section 14–3–330 was in error. However, even under section 1–23–380, the order of the appellate panel was not immediately appealable. Therefore, the Court of Appeals properly found Bob Wire's failure to file an immediate appeal from the order did not render the findings of fact and conclusions of law therein the law of the case.

**AFFIRM AS MODIFIED.**

TOAL, C.J., PLEICONES and BEATTY, JJ., concur.

KITTREDGE, J., and HEARN, J., concur in result only.