768 S.E.2d 670

Ex parte SOUTH CAROLINA PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION, Appellant,

and

South Carolina Uninsured Employers' Fund, Respondent,

In re Artemio Alvarez, Steven Cameron, William Brockman, Martha Burke, Lucille Dwight, Robert Hunter, Tammy Miller, Patricia Wade–Portee, Jessie Pringle, and Ruth Harmon, Claimants,

v.

Quality HR Services, Inc., Spectrum HR, LLC, Keith's Welding Service, Inc., and Capital City Insurance Co. Inc., Defendants,

Of whom Quality HR Services, Inc., Keith's Welding Service, Inc., and Capital City Insurance Co. Inc. are Respondents.

Appellate Case No. 2013–000575.

No. 5290.

Court of Appeals of South Carolina.

Heard Nov. 6, 2014.

Decided Jan. 28, 2015.

J. Hubert Wood, III and Kathryn F. Walton, Wood Law Group, LLC, of Charleston, for Appellant.

David Hill Keller, Constangy Brooks & Smith, LLP, of Greenville, for Respondent South Carolina Uninsured Employers' Fund; Duke K. McCall, Jr. and Zandra L. Johnson, Smith Moore Leatherwood, LLP, of Greenville, for Respondent Quality HR Services, Inc.; and Wesley Jackson Shull and Benjamin Mason Renfrow, Willson Jones Carter & Baxley, P.A., of Greenville, and Candace G. Hindersman, Willson Jones Carter & Baxley, P.A., of Columbia, all for Respondents Keith's Welding Service, Inc. and Capital City Insurance Co. Inc.

**FEW, C.J.**

The workers' compensation commission issued an order determining whether the South Carolina Property and Casualty Insurance Guaranty Association or the South Carolina Uninsured Employers' Fund was liable to pay benefits in ten consolidated workers' compensation cases. However, the commission never determined whether any of the ten claimants are entitled to benefits. We find the commission's order was not a final decision, and thus not immediately appealable. We vacate the circuit court's order on appeal from the commission and remand to the commission with instructions to promptly decide the merits of each claim.

## I. Facts and Procedural History

This appeal involves ten separate workers' compensation cases, each filed more than ten years ago. The claimants

were employed by one of two professional employment organizations—Quality HR Services, Inc. and Spectrum HR, LLC— both of which attempted to obtain workers' compensation insurance coverage in 2003 from Realm National Insurance Company. Realm subsequently became insolvent after a proposed purchase of the company fell through.

Before Realm became insolvent, however, its prospective purchaser, American Insurance Managers (AIM), issued certificates of workers' compensation insurance to Quality and Spectrum on behalf of Realm. The ten claimants filed workers' compensation claims, with accident dates after AIM issued the certificates of insurance. Realm disavowed these certificates and denied coverage, arguing AIM had no authority to bind Realm by issuing the certificates.

The single commissioner consolidated the cases to address whether Realm provided coverage to Quality and Spectrum based on AIM's issuance of the certificates of insurance. Due to Realm's insolvency, the Guaranty Association, which was established by statute to pay the claims of insolvent insurance companies, became a party to the consolidated case. *See* S.C.Code Ann. § 38–31–60(b) (2002) (stating the Guaranty Association "is considered the insurer to the extent of its obligation on the covered claims ... as if the insurer had not become insolvent"). The Uninsured Employers' Fund also became a party based on Realm's assertion that Quality and Spectrum were uninsured employers. *See* S.C.Code Ann. § 42–7–200(A)(1) (2015) (stating the Uninsured Employers' Fund was "created to ensure payment of workers' compensation benefits to injured employees whose employers have failed to acquire necessary coverage").

In 2008, the commissioner held a hearing on the consolidated case. During the hearing, the commissioner clarified that the only issue before it was "which party would be liable [to pay] these claims," and stated, "we're not here today to determine whether any benefits are due to any particular claimant." The commissioner issued an order holding both the Guaranty Association and the Uninsured Employers' Fund liable to pay different claims depending on whether the date of accident fell within, or outside of, certain time periods. In January 2010, an appellate panel of the commission affirmed. In September 2010, the circuit court remanded the case to the

commission to obtain answers to three specific questions. The commission answered the questions by order dated August 2012. The circuit court then reversed the commission, holding the Guaranty Association liable to pay all claims. The Guaranty Association appealed the circuit court's decision.

At the time of oral argument before this court, the commission had made no determination as to whether any claimant is entitled to benefits.[1] Counsel conceded at oral argument that neither the Guaranty Association nor the Uninsured Employers' Fund has paid any benefits to a single claimant.

## II. Appealability

■ The Administrative Procedures Act governs judicial review of decisions of the commission. S.C.Code Ann. § 1–23–380 (Supp.2014); *Bone v. U.S. Food Serv.*, 404 S.C. 67, 73, 744 S.E.2d 552, 556 (2013). Section 1–23–380 of the Act limits appeals to those from a "final decision" of the commission. An order of the commission is not a final decision unless it resolves the entire action. *See Price v. Peachtree Elec. Servs., Inc.*, 405 S.C. 455, 457, 748 S.E.2d 229, 230 (2013) ("An agency decision that does not decide the merits of a contested case is not a final agency decision subject to judicial review."); *Bone*, 404 S.C. at 73, 744 S.E.2d at 556 (same); *see also* 404 S.C. at 75, 744 S.E.2d at 557 ("A final judgment disposes of the whole subject matter of the action or terminates the particular proceeding or action, leaving nothing to be done but to enforce by execution what has been determined." (quoting *Charlotte-Mecklenburg Hosp. Auth. v. S.C. Dep't of Health & Envt'l Control*, 387 S.C. 265, 267, 692 S.E.2d 894, 895 (2010))).

■ In this case, the commission ruled only on the coverage issue and did not decide the individual claimants' entitlement to benefits. Because the commission has yet to determine the substantive rights of the claimants, the commission's order is not a final decision. *Bone*, 404 S.C. at 73–74, 75, 744 S.E.2d at 556, 557.

Before oral argument, we directed the parties to file memoranda addressing whether the circuit court's order was appeal-

---

1. Steven Cameron was apparently receiving temporary benefits at one time. However, those benefits were being paid by the respondent Capital City Insurance Company—not the Guaranty Association or the Uninsured Employers' Fund.

able under *Bone* and whether the commission had subject matter jurisdiction over the dispute, *see Price v. Peachtree Elec. Serv., Inc.*, 396 S.C. 403, 409, 721 S.E.2d 461, 464 (Ct.App.2011) (holding the commission lacks subject matter jurisdiction over "[c]laims not affecting the employee's right to compensation"), *aff'd as modified*, 405 S.C. 455, 748 S.E.2d 229 (2013). We received only one memorandum, jointly filed by the Guaranty Association, the Uninsured Employers' Fund, and Quality. Their position as to jurisdiction convinces us the order is not immediately appealable.

Citing *Labouseur v. Harleysville Mut. Ins. Co.*, 302 S.C. 540, 543, 397 S.E.2d 526, 528 (1990), the parties filing the memorandum assert, "When there is a pending employee claim for compensation, the exclusive jurisdiction for the determination of questions concerning . . . coverage . . . is in the [commission]." The parties argue jurisdiction existed because the underlying workers' compensation claims were pending before the commission "and remain pending at present." By asserting that the coverage dispute is bound up with the pending claims for benefits for purposes of determining jurisdiction, the parties demonstrate the commission's order— resolving coverage only—is not final for purposes of determining appealability.

We are troubled that these claims have been pending in the commission for ten years. "Workers' compensation laws were intended by the Legislature to relieve workers of the uncertainties of a trial for damages by providing sure, *swift recovery* for workplace injuries regardless of fault." *Peay v. U.S. Silica Co.*, 313 S.C. 91, 94, 437 S.E.2d 64, 65 (1993) (emphasis added).[2] While we applaud the commission's desire to promote efficiency by consolidating similar coverage questions,

---

2. *See also James v. Anne's Inc.*, 390 S.C. 188, 201, 701 S.E.2d 730, 737 (2010) (stating the commission is "responsible for effectuating the purposes of the workers' compensation act by administering, enforcing, and construing its provisions in order to secure its humane objectives" (citation omitted)); 99 C.J.S. *Workers' Compensation* § 16 (2013) (stating "considerations leading to the enactment of the compensation legislation [include] a desire to provide a remedy or form of relief to, or settlement of the claims of, injured workers or their dependents that is prompt and speedy" (footnote omitted)); 82 Am.Jur.2d *Workers' Compensation* § 12 (2013) ("A state's workers' compensation act . . . pro-

the actual effect of the commission's approach was to delay resolution of the substantive claims, which in turn has frustrated the intention of the Legislature. If the claimants were entitled to benefits, they were entitled to receive them many years ago. If the claimants were not entitled to benefits, Quality and Spectrum were entitled to have the claims denied many years ago. By litigating the coverage issue before determining the merits of the underlying workers' compensation claims, the commission failed to obey its Legislative mandate to *promptly* determine whether injured workers are entitled to benefits.

We find the commission's order was not a final decision under *Bone* and thus not immediately appealable. We **VACATE** the order of the circuit court and **REMAND** to the commission. We instruct the commission to promptly resolve the claims of these ten claimants.

LOCKEMY, J., and CURETON, A.J., concur.

vid[es] injured employees with an efficient system of rights, remedies, and procedures with the goal of giving them prompt relief. Among the purposes of a workers' compensation act [is] ... providing prompt justice for injured workers and preventing the delays that might arise from protracted litigation." (footnotes omitted)).