HILL, J.:
**163 This dispute between two workers' compensation insurance carriers arose in 2005, and now reaches us for the second time. The dispute centers on which carrier is responsible for benefits paid to Christopher Price after November 3, 2003, the date Peachtree Electrical Services (Peachtree) and its carrier Builders Mutual Insurance Company (Builders Mutual) (collectively Appellants) contend Price suffered a second back injury while working for Bob Wire Electric, Inc. (Bob Wire). Price first injured his back while working for Peachtree in 2002. He filed a workers' compensation claim, which Appellants paid. Price reached maximum medical improvement in the summer of 2003, and in October began working for Bob Wire. On November 15, 2003, he returned to his authorized treating doctor complaining of additional back problems. Appellants resumed paying benefits to Price, but in 2005 sought to stop payment, contending they had just discovered Price **164 had re-injured his back on November 3, 2003, while on the job with Bob Wire. Appellants also joined Bob Wire and its carrier South Carolina Home Builders Self Insurers' Fund (collectively Respondents), in the Workers' Compensation Commission (WCC) action, seeking reimbursement for benefits paid to Price after his alleged second injury. That action ended with the decisions in Price v. Peachtree Elec. Servs., Inc. , 396 S.C. 403, 721 S.E.2d 461 (Ct. App. 2011) ( Price I ), aff'd as modified , 405 S.C. 455, 748 S.E.2d 229 (2013) ( Price II ), which detail the parties' procedural journey.
In Price I , Respondents appealed a circuit court order that had upheld a series of WCC orders requiring Respondents to equitably reimburse Appellants for all benefits paid to Price after November 3, 2003. Finding the WCC lacked subject matter jurisdiction to fashion an equitable apportionment of benefits between carriers (as opposed to the statutory apportionment authorized by section 42-9-430 of the South Carolina Code (2015), an avenue the WCC for some reason never explored), we vacated the WCC orders.
Appellants then brought this action in circuit court, seeking a declaratory judgment *809 that Respondents were responsible for Price's post-November 3, 2003 benefits, and asking for reimbursement under theories of quantum meruit and equitable indemnity. Appellants maintained this court's decision in Price I did not affect the WCC's factual finding that those benefits were caused by Price's alleged second injury while working for Bob Wire. After a bench trial, the circuit court entered judgment for Respondents, from which Appellants now appeal.
I.
Appellants contend the circuit court erred in ruling Price I vacated the finding of the WCC that Price's post-November 3, 2003 benefits were causally related to his November 3, 2003 injury. According to Appellants, Price I only vacated the WCC's ruling that Respondents equitably reimburse Appellants for those benefits, and did not disturb the WCC's underlying factual findings related to injury and causation. Appellants further note the WCC had exclusive jurisdiction to render those factual findings, and Respondents never challenged them on appeal in Price I . Consequently, Appellants **165 insist these findings control the outcome of this appeal because they are the law of the case. Alternatively, Appellants claim the findings control under a theory of res judicata.
We review this issue of law de novo , and agree with the circuit court. First, Respondent's appellate briefs in Price I reveal they did appeal the WCC's causation findings. Second, as relevant here, the doctrine of "law of the case" is just that-the law of the case in which it was made, not the law of future cases. Lifschultz Fast Freight, Inc. v. Haynsworth, Marion, McKay & Guérard , 334 S.C. 244, 245, 513 S.E.2d 96, 96-97 (1999) (law of the case doctrine "applies only to subsequent proceedings in the same litigation following an appellate decision"); Flexon v. PHC-Jasper, Inc ., 413 S.C. 561, 571-72, 776 S.E.2d 397, 403 (Ct. App. 2015) (collecting cases and noting law of case doctrine prohibits matters decided on appeal from being relitigated in the trial court in the same case). See also Messenger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912) ("[T]he phrase, 'law of the case,' as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power."); Wright & Miller, Fed. Prac. & Proc. § 4478 (2d. ed.) (law of the case rules "do not apply between separate actions").
More fundamentally, when Price I vacated the prior WCC orders, it stripped them of any effect. See Moore v. N. Am. Van Lines , 319 S.C. 446, 448, 462 S.E.2d 275, 276 (1995) ("When the award of the Commission was reversed ... it became of no effect and was no longer in existence."); Brown v. Brown , 286 S.C. 56, 57, 331 S.E.2d 793, 793-94 (Ct. App. 1985) ("Generally, reversal of a judgment on appeal has the effect of vacating the judgment and leaving the case standing as if no such judgment had been rendered."); Johnson v. Bd. of Educ. of City of Chicago , 457 U.S. 52, 53, 102 S.Ct. 2223, 72 L.Ed.2d 668 (1982) ; Falcon v. Gen. Tel. Co., 815 F.2d 317, 320 (5th Cir. 1987) (vacating judgment removes any precedential effect and "[a]ll is effectually extinguished" (quoting Lebus v. Seafarer's Int'l Union, Etc. , 398 F.2d 281, 283 (5th Cir. 1968) ).
Price I , as modified by Price II , not only became the sole law of that case, it ended it. See **166 O'Connor v. Donaldson, 422 U.S. 563, 577 n. 12, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975). As to this appeal in this separate case, Price I is not the law of the case; it is stare decisis.
Still, Appellants claim the vacated findings of the WCC survive and are res judicata in this action, barring Respondents from asserting Price's post-November 3, 2003 benefits were not causally linked to his second injury. We need not box these shadows, for a vacated judgment carries no preclusive effect under res judicata or any other doctrine known to us. See Shaw Components, Inc. v. Nat'l Bank of S.C. , 304 S.C. 114, 115, 403 S.E.2d 153, 154 (Ct. App. 1991) (issue preclusion cannot be based on reversed judgment). See also Erebia v. Chrysler Plastic Prod. Corp. , 891 F.2d 1212, 1215 (6th Cir. 1989) (vacated judgment is "deprived of all conclusive effect, both as res judicata and as *810 collateral estoppel"); No E.-W. Highway Comm., Inc. v. Chandler , 767 F.2d 21, 24 (1st Cir. 1985) ("A vacated judgment has no preclusive force either as a matter of collateral or direct estoppel or as a matter of the law of the case. See, e.g. , De Nafo v. Finch, 436 F.2d 737, 740 (3d Cir. 1971) : 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4432 at 302 (1981)."); 50 C.J.S. Judgments § 1045 (2018).
We are aware of the length of the parties' litigation odyssey, now well into its second decade (Odysseus' voyage home took just 10 years). Appellants' grasp at res judicata is understandable but misguided. Both sides no doubt crave finality, and would agree, as our supreme court has, with the view of the nameless but "distinguished English judge: 'Human life is not long enough to allow matters once disposed of being brought under discussion again ....' " Warren v. Raymond , 17 S.C. 163, 189 (1882) (discussing res judicata). But the course of human events is rarely so simplistic, and as to Appellants' claim here of res judicata ("the thing decided"), the thing Price I and II decided is that the WCC orders were vacated and their underlying factual findings disposed.
II.
Appellants acknowledge their claims here are premised on the factual findings of the WCC, which, as we have now confirmed, were vacated by Price I . Nevertheless, Appellants **167 contend they presented sufficient independent evidence to prove their quantum meruit and equitable indemnity claims, and the circuit court erred in finding otherwise. We review these equitable claims tried by the circuit court alone based on our view of the greater weight of the evidence. Walker v. Brooks , 414 S.C. 343, 347, 778 S.E.2d 477, 479 (2015).
Appellants would be entitled to quantum meruit if they proved they conferred a benefit upon Respondents, which Respondents have unjustly retained without paying its value. See Earthscapes Unlimited, Inc. v. Ulbrich , 390 S.C. 609, 616-17, 703 S.E.2d 221, 225 (2010).
Appellants assert they conferred a benefit on Respondents by paying Price's post-November 3, 2003 workers' compensation claims, claims Appellants contend should have been Respondents' responsibility. We see many problems with this argument, including this insuperable one: other than the vacated WCC orders, nothing in the record establishes Price's November 3, 2003 accident caused a new injury for which Respondents were liable to pay him workers' compensation benefits. As Respondents point out, Price never filed a claim against them. Price testified without objection he believed his November 3, 2003 back injury was merely a continuation of his old one. Appellants offered no expert medical evidence to the contrary, which was necessary to prove causation. Rule 702, SCRE ; Watson v. Ford Motor Co. , 389 S.C. 434, 445, 699 S.E.2d 169, 175 (2010) ("[E]xpert evidence is required where a factual issue must be resolved with scientific, technical, or any other specialized knowledge.").
Absent such evidence, we agree with the circuit court that Appellant's quantum meruit claim fails. For the same reasons, we also affirm judgment in favor of Respondents on Appellants' claim for equitable indemnity, a cause of action dependent on proof Respondents caused Appellants' damages. See Fowler v. Hunter , 388 S.C. 355, 363, 697 S.E.2d 531, 535 (2010).
AFFIRMED.
SHORT and THOMAS, JJ., concur.