LOCKEMY, C.J.:
**362 Prysmian Power Cables & Systems, USA and Sentry Insurance Company (collectively Prysmian) appeal an order issued by the South Carolina Workers' Compensation Commission Appellate Panel declining to address injuries asserted in a Form 50 filed by the claimant, James A. Ashford, because they were not properly before the Appellate Panel. Prysmian argues the findings of the Appellate Panel were in error and **363 violate its due process rights. We dismiss the appeal as interlocutory.
FACTS
On October 30, 2013, Ashford sustained an injury to his right wrist when his right hand and wrist were caught and crushed in a machine while working for Prysmian. Ashford's injuries resulted in a crush injury, right dorsal wound, right ulnar styloid fracture, right triangular fibrocartilage complex tear, and carpal tunnel syndrome.
On February 16, 2015, Ashford filed a Form 50 with the South Carolina Workers' Compensation Commission (the Commission) alleging injury to his right upper extremity, right lower extremity, right side, and a resultant psychological injury. In addition, Ashford alleged the injury resulted in a permanent disability and mediation is required pursuant to section 67-1802 of the South Carolina Code of Regulations (Supp. 2018).
In response, Prysmian filed a Form 51 on March 12, 2015 admitting a compensable injury to Ashford's right wrist, but denying injuries to Ashford's right lower extremity, right side and/or psyche. Prysmian asserted mediation was not appropriate in the matter "until there is a finding regarding the compensability of the alleged body parts. If the claim is limited to a single scheduled member, mediation cannot be ordered." Prysmian also alleged
*914 All affirmative and specific defenses (see Reg. 67-603 ), including but not limited to § 42-15-20, pre-existing disability to allegedly injured members; degree of disability, if any, attributable to this injury [sic] speculative; claimant's problems [sic] personal in nature and not work-related; defendants reserve the right to amend this Answer and plead additional defenses.
Prysmian filed a Form 21 on April 30, 2015, requesting a hearing to stop compensation. In its Form 21, Prysmian asserted Ashford reached maximum medical improvement (MMI), requested compensation be terminated, and requested a credit for overpayment of temporary compensation.
On June 23, 2015, the commissioner held a hearing to address Prysmian's Form 21. At the hearing, Prysmian objected **364 to Ashford's submission of the reports and opinions of Todd Hanson, a licensed marriage and family therapist, based on the fact they were untimely and Hanson did not qualify as an expert on the issue of psychological injuries or conditions. The commissioner allowed the admission of the reports and opinions. Furthermore, he stated he would address Hanson's qualifications in his order. The commissioner also indicated he would "leave the record open so that [Prysmian] could depose the doctor."
The commissioner issued an order on May 4, 2016. In the order, the commissioner determined Ashford was not at MMI for his wrist injury, he was entitled to future medical treatment for his wrist injury by a physician of his choosing, and Prysmian was prohibited from stopping temporary total disability benefits. Concerning the issue of additional injuries to Ashford's psyche, right lower extremity, and right side, and permanent and total disability, the commissioner determined these issues require mandatory mediation, and therefore, they were not timely for purposes of the hearing and "are not properly before me."
Prysmian appealed the commissioner's order to the Appellate Panel. The Appellate Panel held a hearing on August 15, 2016. At the hearing, Prysmian argued the commissioner should have determined Ashford's claim for psyche injury. Ashford argued again that his additional injuries are subject to mandatory mediation. The Appellate Panel issued an order affirming the commissioner's finding that Ashford had not attained MMI and was entitled to future medical treatment for his wrist. However, the Appellate Panel reversed the commissioner's finding as to temporary total disability benefits. The Appellate Panel allowed Prysmian to terminate the temporary total disability benefits and awarded Prysmian a credit against benefits paid as of May 4, 2015. In regard to Ashford's other injuries, the Appellate Panel, like the commissioner, determined "Claimant has a pending Form 50 that alleged injuries to his psyche, right lower extremity, and right side which are not timely for the purposes of this hearing and are not properly before me [sic]." Prysmian appeals the Appellate Panel's order.
**365 STANDARD OF REVIEW
"The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the Workers' Compensation Commission." Hall v. Desert Aire, Inc. , 376 S.C. 338, 346, 656 S.E.2d 753, 757 (Ct. App. 2007). According to section 1-23-380 of the South Carolina Code (Supp. 2018), under the APA:
A party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review pursuant to this article and Article 1. This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or *915 trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy. Except as otherwise provided by law, an appeal is to the court of appeals.
"An appellate court may reverse or modify the decision of the appellate panel if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are affected by other error of law." Houston v. Deloach & Deloach , 378 S.C. 543, 552, 663 S.E.2d 85, 89 (Ct. App. 2008).
LAW/ANALYSIS
As cited above, section 1-23-380 of the APA allows judicial review when a party has exhausted all administrative remedies and the agency issues a final decision. S.C. Code Ann. § 1-23-380. Furthermore, section 1-23-380 provides "[a] preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy." Id .
Ashford argues the Commission has not made a final decision. "A final judgment disposes of the whole subject matter of the action or terminates the particular proceeding or action, leaving nothing to be done but to enforce by execution what has been determined." Charlotte-Mecklenburg Hosp. Auth. v. S.C. Dep't of Health & Envtl. Control , 387 S.C. 265, 267, 692 S.E.2d 894, 895 (2010). "If there is some further act **366 which must be done by the court prior to a determination of the rights of the parties, the order is interlocutory." Id . at 267, 692 S.E.2d at 894. Moreover, as we explained in Ex parte South Carolina Property & Casualty Insurance Guaranty Association , 411 S.C. 501, 504, 768 S.E.2d 670, 672 (Ct. App. 2015), "[a]n order of the commission is not a final decision unless it resolves the entire action."
The Appellate Panel's order determined Ashford has not reach MMI and he is entitled to future medical treatment. The Appellate Panel also reversed the commissioner's determination that Ashford was entitled to temporary total disability benefits. However, the Appellate Panel declined to address Ashford's other injuries and his claim for permanent disability. Thus, the Commission must address these issues to resolve the entire action. Accordingly, the Appellate Panel's decision is not final for purposes of section 1-23-380 and is only reviewable if review of the final agency decision would not provide an adequate remedy.
In this case, Prysmian does not appeal the Appellate Panel's decision regarding Ashford's MMI or his entitlement to future medical treatment. Rather, Prysmian seeks a determination as to Ashford's other injuries and his claim for permanent disability benefits. The Commission has not addressed these issues, which is the crux of this appeal, but it is not precluded from addressing them.[1] A final agency decision is the exact remedy Prysmian seeks. Prysmian has an adequate remedy available, if not through mediation, through "the normal course of the docket scheduling" as provided in regulation 67-1804. A review of that decision would provide an adequate remedy should either of the parties assert error in the decision. Therefore, section 1-23-380 does not allow judicial *916 review **367 of the issue Prysmian appeals. Accordingly, Prysmian's appeal is
DISMISSED.[2]
SHORT and MCDONALD, JJ., concur.

Presumably the Appellate Panel based its decision not to make a determination on Ashford's other injuries on section 67-1802 of the South Carolina Code of Regulations. This regulation provides "Claims for permanent and total disability arising under either Section 42-9-10 or Section 42-9-30(21)" must be mediated prior to a hearing. However, section 67-1804 of the South Carolina Code of Regulations (Supp. 2018) states, "If the mediation is not completed within the sixty-day timeframe, the case may be set in the normal course of the docket scheduling." Because the sixty-day mediation period passed, the Commission has the ability to set the case in the normal course of docket scheduling.

Our decision does not conflict with the supreme court's recent holding in Russell v. Wal-Mart Stores, Inc. , 426 S.C. 281, 826 S.E.2d 863 (2019). In Russell , the supreme court found a remand order was immediately appealable because of the unnecessary delays and repeated remands over the eight-year period the claimant's claim was pending. Id. Under these circumstances, the supreme court found the claimant was without an adequate remedy on appeal from a final decision under section 1-23-380. Id. Prysmian's appeal involves issues the parties have yet to litigate, rather than repeated remands of issues litigated by the parties. Thus, the parties in this case have an adequate remedy through the review of a final agency decision.