**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert J. D'Espies, Claimant, Appellant,

v.

S&A Construction and More, LLC, Employer, and South Carolina Workers' Compensation Uninsured Employers' Fund, Respondents.

Appellate Case No. 2018-001477

———————

Appeal From The Worker's Compensation Commission

———————

Unpublished Opinion No. 2021-UP-087
Submitted February 1, 2021 – Filed March 17, 2021

———————

**APPEAL DISMISSED**

———————

Craig Anderson Snook, of Axelrod & Associates, PA, of Myrtle Beach, for Appellant.

S&A Construction and More, LLC, pro se.

Timothy Blair Killen, of Holder, Padgett, Littlejohn & Prickett, LLC, of Mt. Pleasant, for Respondent South Carolina Workers' Compensation Uninsured Employers' Fund.

———————

**PER CURIAM:** Robert J. D'Espies appeals the Worker's Compensation Commission's (the Commission's) order vacating the order of the single commissioner, and remanding the matter for a de novo hearing. The Commission found S&A Construction and More, LLC (S&A) did not receive notice of the hearing, and because S&A did not receive notice, it was denied substantive and procedural due process. On appeal, D'Espies argues (1) substantial evidence does not support the Commission's finding that S&A did not receive notice of the hearing before the single commissioner, and (2) even if S&A did not receive notice, it was not denied due process. Because the Commission's order is not a final judgment and a review of the Commission's final decision after a de novo hearing will provide D'Espies an adequate remedy, the order is not immediately appealable under section 1-23-380 of the South Carolina Code (Supp. 2020). Accordingly, we dismiss the appeal pursuant to Rule 220(b), SCACR, and the following authorities: § 1-23-380 ("A party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review . . . . A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy."); *Ashford v. Prysmian Power Cables & Sys., USA*, 427 S.C. 361, 364, 366, 830 S.E.2d 912, 914-15 (Ct. App. 2019) (finding an order from the Commission affirming in part and reversing in part the single commissioner's order was not immediately appealable when "[t]he Commission [did] not address[] the[] issues, which [were] the crux of th[e] appeal, but it [was] not precluded from addressing them"); *id.* at 366-67, 830 S.E.2d at 915-16 (determining the appealing party had an adequate remedy available; and thus, section 1-23-380 did not allow judicial review of the appealing party's issues); *cf. Russell v. Wal-Mart Stores, Inc.*, 426 S.C. 281, 288, 290, 826 S.E.2d 863, 863 (2019) (holding a remand order from the Commission was immediately appealable when "the [C]ommission's unreasonable delay in making a final decision [left the appealing party] without an adequate remedy on appeal from a final decision under section 1-23-380" and "the [C]ommission's unnecessary delays and repeated remands over the almost eight years since [the appealing party] filed her change of condition claim frustrated the goals of the Workers' Compensation Act"); *see Ashford*, 427 at 367 n.2, 830 S.E.2d at 916 n.2 (distinguishing its holding from our supreme court's holding in *Russell*, because the appeal involved issues the parties had not yet litigated, and the parties had "an adequate remedy through the review of a final agency decision"); *cf Hilton v. Flakeboard Am. Ltd.*, 418 S.C. 245, 251-52, 791 S.E.2d 719, 722-23 (2016) (holding an interlocutory order, "where the Commission ha[d] in effect ordered a new trial without regard to the matters raised by the appealing party and without any explanation why such an extreme remedy [was] appropriate," was immediately

appealable because "requiring [the appealing party] to wait to appeal until the final agency decision would not provide an adequate remedy").

**APPEAL DISMISSED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.