**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Vidhyaben R. Patel, Appellant,

v.

Hardik R. Patel, Respondent.

Appellate Case No. 2021-000084

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

Unpublished Opinion No. 2024-UP-170
Submitted November 1, 2023 – Filed May 8, 2024

**AFFIRMED**

S. Jahue Moore, of Moore Bradley Myers, PA, of West Columbia, for Appellant.

Desa Ballard, of Ballard & Watson, Attorneys at Law, of West Columbia, for Respondent.

**PER CURIAM:** Vidhyaben "Vidhya" R. Patel (Vidhya) appeals the circuit court's order granting summary judgment in favor of Hardik R. Patel, arguing the circuit

court erred in concluding another circuit court judge's[1] rulings in a prior action between the parties precluded her claims in this action. Vidhya solely argues the order in the first action was not final because it had been appealed. We affirm pursuant to Rule 220(b), SCACR.[2]

We hold the circuit court did not err by concluding Judge Griffith's order was final even though it was pending on appeal and that collateral estoppel therefore barred Vidhya's claims in this action. *See Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 109-10, 662 S.E.2d 40, 41 (2008) ("When reviewing a grant of summary judgment, an appellate court applies the same standard used by the trial court. A grant of summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." (citation omitted)); *see also Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Clear View Constr., LLC*, 413 S.C. 615, 620, 776 S.E.2d 426, 429 (Ct. App. 2015) ("When the circuit court grants summary judgment on a question of law, we review the ruling de novo."); *Pye v. Aycock*, 325 S.C. 426, 436, 480 S.E.2d 455, 460 (Ct. App. 1997) ("Under the doctrine of collateral estoppel, when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." (quoting *Carman v. S.C. Alcoholic Beverage Control Comm'n*, 317 S.C. 1, 6, 451 S.E.2d 383, 386 (1994))); *Zurcher v. Bilton*, 379 S.C. 132, 135, 666 S.E.2d 224, 226 (2008) ("The doctrine may not be invoked unless the precluded party has had a full and fair opportunity to litigate the issue in the first action."). Here, Judge Griffith's order in the first action was final because it decided all of the issues raised, ended the case, and left nothing else to be decided between the parties in that action. *See Tillman v. Tillman*, 420 S.C. 246, 249, 801 S.E.2d 757, 759 (Ct. App. 2017) ("A final judgment is one that ends the action and leaves the court with nothing to do but enforce the judgment by execution."). Furthermore, in our opinion in the underlying case, *Patel v. Patel*, Op. No. 2024-UP-169, we affirmed Judge Griffith's order. *See Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941) (stating that "in the federal courts the general rule has long been recognized that while appeal with proper supersedeas stays execution of the judgment, it does not—until and unless reversed—detract from its decisiveness and finality"); *cf. Shaw Components, Inc. v. Nat'l Bank of S.C.*, 304 S.C. 114, 115,

---

[1] Circuit Court Judge Eugene C. Griffith, Jr., decided the prior action. This court affirmed his decision in *Patel v. Patel*, Op. No. 2024-UP-169 (S.C. Ct. App. filed May 8, 2024).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

403 S.E.2d 153, 154 (Ct. App. 1991) (finding collateral estoppel did not apply when, during the pendency of the appeal, this court reversed the judgment in the case upon which the collateral estoppel was based and holding a reversed judgment could not serve as the basis for a disposition on the ground of collateral estoppel); *see also Builders Mut. Ins. Co. v. Bob Wire Elec., Inc.*, 424 S.C. 161, 166, 817 S.E.2d 807, 809 (Ct. App. 2018) (stating "a vacated judgment carries no preclusive effect").  We therefore hold the circuit court did not err in concluding collateral estoppel barred Vidhya's claim in the current action and affirm the circuit court's order granting summary judgment on this ground.

**AFFIRMED.**

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**