**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Vasile Florin Craus, Employee, Appellant,

v.

NUTRA Manufacturing, Inc., Employer, and Sentry Casualty Company, Carrier, Respondents.

Appellate Case No. 2021-000778

―――――――――

Appeal From The Workers' Compensation Commission

―――――――――

Unpublished Opinion No. 2024-UP-397
Submitted November 20, 2024 – Filed November 27, 2024

―――――――――

**AFFIRMED**

―――――――――

Vasile Florin Craus, of Anderson, pro se.

Jeffrey Scott Jones, of Willson Jones Carter & Baxley, P.A., of Greenville; and Christopher Michael Cato, of Willson Jones Carter & Baxley, P.A., of Columbia, both for Respondents.

―――――――――

**PER CURIAM:** Vasile Florin Craus appeals an order from the Appellate Panel of the South Carolina Workers' Compensation Commission (Appellate Panel) affirming an order finding he reached maximum medical improvement and

suffered a 7% impairment to his right leg. On appeal, Craus argues the single commissioner and the Appellate Panel erred by (1) denying him legal representation during his hearings and (2) failing to follow the law during his hearings. We affirm pursuant to Rule 220(b), SCACR.

As to issue one, we hold Craus's argument that he was denied the right to legal representation during the single commissioner's hearing is not preserved for appellate review because he acknowledged he was given time to retain counsel and agreed to move forward with both hearings.[1] *See CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 81, 716 S.E.2d 877, 885 (2011) ("A litigant cannot concede an issue at trial and then raise it on appeal."); *Kearse v. State Health & Hum. Servs. Fin. Comm'n*, 318 S.C. 198, 201, 456 S.E.2d 892, 894 (1995) (holding worker's compensation claimant had no constitutional right to counsel and was not denied counsel when she was advised she could represent herself and was given "ample opportunity to present [her] side of the case").

As to issue two, we hold Craus's allegations relating to misconduct, malpractice, fabrication of his medical records, fraud, perjury, and constitutional violations are not preserved for appellate review because they were not raised to and ruled upon by the single commissioner or the Appellate Panel. *See Rummage v. BGF Indus.*, 434 S.C. 441, 455, 865 S.E.2d 380, 388 (Ct. App. 2021) ("To successfully preserve an issue for appellate review, the issue must be: '(1) raised and ruled upon by the trial court; (2) raised by the appellant; (3) raised in a timely manner; and (4) raised to the trial court with sufficient specificity.'" (quoting *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 302, 641 S.E.2d 903, 907 (2007))); *Price v. Peachtree Elec. Servs., Inc.*, 396 S.C. 403, 409, 721 S.E.2d 461, 464 (Ct. App. 2011) ("Claims not affecting the employee's right to compensation are within the purview of the circuit court, not of the [Appellate Panel].").

To the extent Craus challenges the sufficiency of the evidence before the Appellate Panel, we hold sufficient evidence supports the Appellate Panel's findings. *See Hargrove v. Titan Textile Co.*, 360 S.C. 276, 288, 599 S.E.2d 604, 610 (Ct. App. 2004) (explaining an appellate court's review is limited to deciding "if the findings, inferences, conclusions or decisions of [the Appellate Panel] are 'clearly erroneous in view of the reliable, probative and substantial evidence on the whole record'" (quoting *Bursey v. S.C. Dep't of Health & Env't Control*, 360 S.C. 135, 141, 600 S.E.2d 80, 84 (Ct. App. 2004))); *Houston v. Deloach & Deloach*, 378 S.C. 543,

---

[1] We note Craus's first hearing was rescheduled to give him an opportunity to retain counsel, but he did not.

551, 663 S.E.2d 85, 89 (Ct. App. 2008) ("Where there are conflicts in the evidence over a factual issue, the findings of the [A]ppellate [P]anel are conclusive.").

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.