**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In Re: Estate of M.K. Jennings 2010ES2800169

Beverly Hennager, Appellant,

v.

Mary E. Deardon, as Personal Representative of the Estate of M.K. Jennings, Respondent.

Appellate Case No. 2024-001152

---

Appeal From Kershaw County
Daniel Coble, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-196
Submitted May 1, 2025 – Filed June 11, 2025

---

**AFFIRMED**

---

Beverly Hennager, of Corvallis, Montana, pro se.

Moultrie B. Burns, Jr., of Savage Royall & Sheheen, of Camden, for Respondent.

---

**PER CURIAM:** Beverly Hennager appeals the circuit court's order affirming the probate court's order approving the amended accounting conducted by Mary E. Deardon, as personal representative of the estate of M.K. Jennings (the Estate).

Hennager argues (1) the circuit court's 2024 order is void because Deardon's attorney acted without authority, intentionally falsified the record, and failed to respond to discovery requests; (2) the probate court's 2016 order was interlocutory and subject to review and amendment; (3) the circuit deprived her of due process; and (4) it was in the best interest of the Estate to remove Deardon as personal representative.  We affirm pursuant to Rule 220(b), SCACR.

1.  As to issue one, we find this issue is not preserved for appellate review because Hennager failed to file a motion pursuant to Rule 60(b) of the South Carolina Rules of Civil Procedure with the circuit court either asserting the circuit court's 2024 order was void or alleging Deardon's attorney acted in a fraudulent manner. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); Rule 60(b)(3)-(4), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons . . . fraud, misrepresentation, or other misconduct of an adverse party [or] . . . the judgment is void.").

2.  As to issue two, we find Hennager's argument is without merit because she appealed the probate court's 2016 order to the circuit court and failed to appeal the circuit court's 2020 order affirming the 2016 order to this court.  Accordingly, the probate court's findings in its 2016 order are the law of the case.  *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); *E. Cherry Grove Co., LLC v. State*, 443 S.C. 617, 630, 905 S.E.2d 421, 429 (Ct. App. 2024) ("[T]he law of the case doctrine . . . applies only to subsequent proceedings in the same litigation following an appellate decision . . . ." (alterations in original) (quoting *Lifschultz Fast Freight, Inc. v. Haynsworth, Marion, McKay & Guerard*, 334 S.C. 244, 245, 513 S.E.2d 96, 96-97 (1999))).  Therefore, whether the probate court's 2016 order was interlocutory has no effect on Hennager's appeal of the circuit court's 2024 order.  Moreover, to the extent Hennager argues the probate court's 2016 order is void for lack of personal jurisdiction, we find this issue is not preserved for appellate review because she failed to file a Rule 60(b)(4) motion. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); Rule 60(b)(4), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons . . . the judgment is void."); *Stearns Bank Nat. Ass'n v.*

*Glenwood Falls, LP*, 373 S.C. 331, 337, 644 S.E.2d 793, 796 (Ct. App. 2007) ("A judgment is void if a court acts without personal jurisdiction." (quoting *BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 503 (2006))).

3.  As to issue three, we find Hennager's argument is without merit because she presented evidence regarding the promissory note at the 2012 evidentiary hearing, at the 2016 merits hearing, and in her appellate brief challenging the probate court's 2016 order.  She further failed to appeal the circuit court's 2020 order affirming the probate court's 2016 order.  Furthermore, the probate court did consider the merits of her claim concerning the promissory note and found in its 2021 order the note was satisfied before M.K. Jennings's death and Deardon's inventory was correct in not listing the debt as an estate asset.  Hennager failed to appeal the probate court's refusal to consider her 2021 motions to compel production and she failed to file a motion pursuant to Rule 60(b)(4), SCRCP.  *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").  Moreover, South Carolina has not adopted Rule 60(d) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 60(d) ("Other Powers to Grant Relief.  This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court.").

4.  As to issue four, we find the findings in the probate court's 2016 order and the circuit court's 2020 order concerning whether Deardon should continue to serve as personal representative of the Estate and the accounting of the Estate are the law of the case.  *See Shirley's Iron Works, Inc.*, 403 S.C. at 573, 743 S.E.2d at 785 ("An unappealed ruling is the law of the case and requires affirmance."); *E. Cherry Grove Co., LLC*, 443 S.C. at 630, 905 S.E.2d at 429 ("[T]he law of the case doctrine . . . applies only to subsequent proceedings in the same litigation following an appellate decision . . . ." (alterations in original) (quoting *Lifschultz Fast Freight, Inc. v. Haynsworth, Marion, McKay & Guerard*, 334 S.C. 244, 245, 513 S.E.2d 96, 96-97 (1999))).

**AFFIRMED.**[1]

---

[1] After careful consideration, Hennager's motion to waive oral argument is granted because oral argument would not assist the court.  We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**